275 So.2d 24 (1973)
Jane T. CARLSON, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE et al., Respondents.
No. 71-849.
District Court of Appeal of Florida, Second District.
March 23, 1973.
Ann Loughridge Kerr, Tampa, for petitioner.
Kenneth H. Hart, Jr., Tallahassee, and James R. Parks, Miami, for respondent, Industrial Relations Comm.
James F. Bell, Tampa, for respondent, Gen. Telephone Co.
HOBSON, Judge.
Petitioner filed her petition for writ of certiorari to review a denial of her claim for unemployment compensation.
The Industrial Relations Commission denied petitioner's application for leave to appeal from the decision of the Appeals Referee, thereby making the decision of *25 the Appeals Referee the decision of the Industrial Relations Commission.
The Appeals Referee made the following findings of fact:
"Claimant, who is thirty-eight years of age, worked as a public relations representative-publisher from July 1970 to May 10, 1971 for employer (038550), a telephone service business. Claimant's job responsibilities entailed the editing and publication of information within the company. She was also responsible for the editing and publication of two magazines for distribution outside the company. The company has eight levels of management, and claimant was in level four. On May 5, 1971, claimant was notified by her supervisor that she had been switched to the editing and publication of the company's general news. This job was in the same management level that she had been working. Claimant resented the switch in assignment, considering it a demotion. On Monday, May 10, 1971, claimant informed her employer she would not accept the job assignment. For this reason, she was discharged.
"Claimant was discharged for misconduct connected with her work."
In summary, the petitioner refused to be transferred from one position of employment to another position which was in the same management level classification and for the same wages and number of hours, on the ground that such transfer was a demotion in that the new position did not require the skill and expertise required by the position from which she was transferred.
It is well settled that appellate courts will not disturb the decision of the Industrial Relations Commission if its findings and conclusions are supported by competent and substantial evidence. The Appeals Referee in his conclusions stated as follows:
"The Florida Unemployment Compensation Law provides that an individual shall be disqualified for benefits if he has been discharged for misconduct connected with his work. `Misconduct connected with work' as a term as used in this law has been defined as a deliberate act or omission by the worker which constitutes a material breach of the duties which is tantamount to an intentional disregard of the employer's interests. The record and evidence in this case clearly show that claimant was discharged. This occurred because she failed to accept a job assignment. Her salary remained the same and her responsibilities were comparable, but claimant felt the change affected her status amounting to a demotion. When claimant persisted in making a personal decision as to where she would work, she followed a course of conduct in violation of her employment agreement, which was clearly detrimental for the employer's interests. Accordingly, it must be concluded her discharge was for misconduct connected with work."
We have carefully examined the record and the briefs of the respective parties and find that the decision of the Industrial Relations Commission is supported by competent, substantial evidence and, therefore, the petition for certiorari is
Denied.
LILES, J., concurs.
MANN, C.J., concurs in conclusion.