354 So.2d 921 (1978)
VARIG BRAZILIAN AIRLINES, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY, and Cesar Fontes, Respondents.
No. 77-1391.
District Court of Appeal of Florida, Third District.
January 31, 1978.
Hyzer, Knight & Lund, Miami, Surrey, Karasik, Morse & Seham, New York City, for petitioner.
Kenneth H. Hart, Jr., and Alex D. Littlefield, Tallahassee, for respondents.
Before PEARSON, NATHAN and HUBBART, JJ.
NATHAN, Judge.
By this petition, Varig Brazilian Airlines, an employer, asks this court to issue a writ of certiorari to the Industrial Relations Commission, reversing the Commission's entry of an order which reversed the decision of an appeals referee who, in turn, had reversed the decision of a claims examiner.
The claims examiner had found that claimant, an employee discharged by petitioner Varig, was entitled to unemployment benefits. Varig appealed, and the referee, after a full hearing found claimant had been discharged for misconduct connected with work and therefore was disqualified for benefits. See Section 443.06(1), Florida Statutes (1977). He also found that Varig's experience account should be relieved of charges in connection with the claim. Claimant appealed to a review board which considered the matter on the basis of the same evidence which had been before the appeals referee. The review board concluded that claimant's actions did not constitute misconduct sufficient to disqualify him from benefits and reversed the decision of the referee.
Petitioner Varig contends both that the Commission did not have the authority to reverse the decision of the appeals referee when no new facts were before it and that the decision reached by the Commission was erroneous.
Petitioner's first contention is without merit. Section 443.07(4)(c), Florida Statutes (1977). Therefore the sole remaining question is whether or not the decision of *922 the Commission comports with the essential requirements of the law, since the scope of our review is limited to a determination of whether the administrative agency acted without or in excess of its jurisdiction, or whether it departed from essential requirements of law in entering the order sought to be reviewed. Castillo v. Florida Department of Commerce, 253 So.2d 162 (Fla. 2d DCA 1971).
For purposes of the Florida Unemployment Compensation Law, chapter 443, Florida Statutes, the commonly accepted standard of misconduct has been stated repeatedly.
[M]isconduct ... is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed `misconduct' within the meaning of the statute.
Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla. 3d DCA 1963); Castillo v. Florida Department of Commerce, supra; Fredericks v. Florida Department of Commerce, Industrial Relations Commission, 323 So.2d 286 (Fla. 2d DCA 1975).
The record reveals that claimant, who was employed by petitioner as a traffic representative, repeatedly objected, and twice refused, to work at certain stations because he would have had to move baggage a greater distance than at other stations. He repeatedly objected and at least once refused to carry out certain rotational duties which all similarly situated personnel performed in turn. On many occasions he worked cross word puzzles on the job and continued to do so after both verbal requests and written demands that he desist. His employment record shows repeated tardiness and excessive absences (many of them immediately before or after holidays). His co-workers and superiors testified to numerous instances of loudly argumentative behavior and occasional vulgarities of a most excessive nature, some in front of passengers. He was uncooperative about overtime and was once suspended for refusal to work overtime. Toward the end of his employment he misrouted baggage on four separate occasions.
In sum, we find substantial, competent evidence of repeated instances of behavior evincing intentional and substantial disregard of the employer's interests sufficient to warrant disqualification from entitlement to unemployment benefits, and hold that the decision of the Industrial Relations Commission did not comport with the essential requirements of the law.
Accordingly, the decision of the Industrial Relations Commission reversing the decision of the appeals referee is quashed, and the cause is remanded with directions to enter an order which disqualifies claimant from unemployment benefits and relieves petitioner's experience account of charges in connection with the claim.
It is so ordered.