356 So.2d 1357 (1978)
GENERAL TELEPHONE COMPANY OF FLORIDA, Petitioner,
v.
BOARD OF REVIEW, Etc., Respondent.
No. 77-1998.
District Court of Appeal of Florida, Second District.
April 7, 1978.
*1358 James F. Bell, Gen. Counsel, Tampa, for petitioner.
James R. Parks and Norman A. Blessing, Tallahassee, for respondent Bd. of Review.
OTT, Judge.
An unemployment compensation appeals referee ruled that Mrs. Linda Dunn, an employee of General Telephone Company, was not entitled to unemployment compensation benefits. On appeal the Board of Review reversed. General Telephone now seeks review of the board's decision in this court, and we grant the writ of certiorari.
On October 5, 1976, Mrs. Dunn filed an application for unemployment compensation. Subsequently, a claims examiner denied the application on the ground that Mrs. Dunn was not unemployed. She then appealed.
The evidence presented to the appeals referee was not in conflict. It demonstrated that Mrs. Dunn applied for maternity leave at the end of the sixth month of her pregnancy and General Telephone granted this leave of absence. Mrs. Dunn could have continued working throughout her pregnancy and could, if she wished, have returned to work after the baby was born.
On the basis of the evidence before him, the appeals referee entered an order affirming the decision of the claims examiner. Mrs. Dunn again appealed and the Board of Review reversed the appeals referee's decision. General Telephone then filed its petition for certiorari. We now entertain that petition pursuant to Section 443.07(4)(e), Florida Statutes (1975).
On petition for certiorari from the Board of Review, it is the duty of this court, as it was of the Board of Review, to determine whether there was competent substantial evidence to support the decision of the appeals referee. State Department of Commerce v. Dietz, 349 So.2d 1226 (Fla.2d DCA 1977). In this case, the appeals referee concluded that Mrs. Dunn was not entitled to benefits and so it is necessary to examine the evidence to see if his conclusion was correct.
A claimant is not entitled to benefits when that claimant voluntarily leaves her work for reasons not attributable to her employer. Section 443.06(1), Florida Statutes (1975). Therefore, we must first determine if Mrs. Dunn was unemployed. For the purposes of Florida's unemployment compensation law a leave of absence is equal to unemployment because a person is unemployed when she performs no services and receives no wages. Section 443.03(12), Florida Statutes (1975). Accordingly, *1359 since Mrs. Dunn was on a leave of absence we find that she was unemployed.
The second part of our analysis, then, requires us to determine whether Mrs. Dunn was unemployed because she left her work voluntarily without good cause attributable to her employer. The record clearly shows that she left voluntarily. She asked for the leave of absence and company policy would have allowed her to continue work despite the pregnancy. She also left without good cause. Section 443.06(1), Florida Statutes (1975) defines good cause as "only such cause as is attributable to the employer or consists of illness or disability of the individual, other than pregnancy." (Emphasis added.) Thus, since Mrs. Dunn left because of her pregnancy she did not have good cause.
From what we have said, it is clear that Mrs. Dunn was not entitled to benefits and so the appeals referee's decision was correct. We note that the referee reached this decision for the wrong reason, namely that the claimant was not unemployed. However, this fact does not alter our conclusion because the Board of Review should always affirm when the evidence supports the result which the appeals referee has reached.
Accordingly, we quash the order of the Board of Review and remand the case for proceedings consistent with this opinion.
HOBSON, Acting C.J., and SCHEB, J., concur.