SMITH, Acting Chief Judge.
Appellant/employer appeals a final order of the Board of Review, Division of Unemployment Compensation, affirming the grant of unemployment benefits to appel-lee/employee Cunningham. The primary issue is whether Cunningham was discharged from his employment for “misconduct connected with his work.” Section 443.06(1), Florida Statutes (1977). Aware as we are of the limited scope of appellate review in the case, we conclude nonetheless that appellant was guilty of work-related misconduct and is not entitled to unemployment benefits under the statute.
The record reveals that Cunningham had been involved in at least three disruptive incidents with female employees at the time of his discharge, and had been warned after the second episode, a particularly flagrant one, that another incident would result in his release. It is well established that repeated instances of misbehav *877 ior, contrary to the interest of the employer, constitute “misconduct” precluding unemployment compensation. Varig Brazilian Airlines v. Florida Department of Commerce, 354 So.2d 921 (Fla. 3d DCA 1978); Castillo v. Florida Department of Commerce, 253 So.2d 162 (Fla. 2d DCA 1971). Here it is clear that appellant not only disregarded the standards of employment which the employer had plainly set down, but also disregarded warnings about his conduct and continued in the same disruptive course.
On this record, we cannot countenance the Board’s grant of benefits to Cunningham; the order is therefore reversed with directions to disqualify him from benefits and relieve appellant’s account of any charges in connection with the claim.
REVERSED.
MELVIN, J., and MITCHELL, HENRY CLAY, Associate Judge, concur.