368 So.2d 81 (1979)
CITRUS CENTRAL, Employer, Appellant,
v.
Wayne E. DETWILER, Claimant, and Florida Department of Commerce, Board of Review, Appellees.
No. 78-942.
District Court of Appeal of Florida, Fourth District.
February 28, 1979.
*82 Norman F. Burke, of Van Den Berg, Gay & Burke, Orlando, for appellant.
Kenneth H. Hart, Jr., Gen. Counsel, and Ollie Evans, U.C. Claims, Tallahassee, for appellees.
BERANEK, Judge.
This is a petition for certiorari which we treat as a direct appeal pursuant to Rule of Appellate Procedure 9.110(a)(2) and Rule 9.040(c). The appellant was the employer and the appellee was an individual who was fired from his job and subsequently sought unemployment compensation benefits. These benefits were denied by a claims examiner based on a finding that the employee/appellee had been terminated in his employment due to misconduct connected with his job. The employee sought review before the statutory appeals referee [F.S. 443.07(4)] who also found that the employee was terminated due to misconduct connected with his job. On review before the Board of Review of the State of Florida Department of Commerce, Industrial Relations Commission, the decision was reversed. The Board of Review determined the employee had not been fired due to misconduct connected with his employment. The employer now seeks judicial review before this Court pursuant to F.S. § 443.07(4)(e). It is our conclusion that the Board of Review erred in reversing the finding of the appeals referee.
The facts in this case are actually undisputed. The employee was a fork lift operator. He worked for an employer working either the day shift or the night shift, depending upon the needs of his employer. Over his history of employment, he worked for periods and was laid off for periods. He preferred to work the day shift rather than the night shift. At one point he was extremely dissatisfied with having to continue working the night shift. He repeatedly expressed this dissatisfaction to his superiors. Upon returning from a three-day absence due to illness, the employee learned that he had been transferred from the shipping department to the assembly department. He did not like this transfer because he knew very little about the assembly department. He again expressed his dissatisfaction to his foreman who told him to continue working and not to leave the job site. The employee again complained loudly and stated his desire to further discuss the transfer with a higher company official. The job foreman specifically advised him to continue working and that he could discuss the matter with a higher company official at some time when he was off duty. The foreman stated that if he left the job he would be suspended. Instead of waiting for a work break, the employee intentionally disobeyed the foreman's order and disregarded his threat of suspension by leaving his job and going to the main office to talk to a higher company official. He was fired for this direct *83 disobedience. Although the employee did not like it, his work history with the employer showed he was often transferred from department to department and from shift to shift.
The claims examiner and the appeals referee found that this conduct constituted misconduct connected with employment. The Board of Review agreed with the factual findings but simply decided that such acts could not constitute misconduct. We rule that flagrant and intentional disobedience to a valid work order by a superior on the job should indeed be characterized as misconduct on the job and that the ruling of the Board of Review to the contrary is not in accord with the law. There was certainly adequate evidence to support the findings of the lower tribunal in this respect. White v. C.H. Lyne Foundry and Machine Co., 74 So.2d 538 (Fla. 1954). The appellate administrative tribunal cannot and apparently did not reweigh the evidence. O'Neil v. Pallot, 257 So.2d 59 (Fla. 1st DCA 1972). Misconduct has been defined in Varig Brazilian Air. v. Fla. Dept. of Commerce, 354 So.2d 921 (Fla. 3d DCA 1978) as:
"Conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee." Supra at 922.
The order of the Board of Review is hereby reversed and the matter is remanded with instructions to reinstate the order of the appeals referee.
REVERSED AND REMANDED.
DOWNEY, C.J., concurs.
RIVKIND, LEONARD, Associate Judge, dissents without opinion.