373 So.2d 433 (1979)
LUNDY'S MARKET, INC., Appellant,
v.
FLORIDA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY, and Marta Nogueiras, Appellees.
No. 78-1191.
District Court of Appeal of Florida, Third District.
July 31, 1979.
*434 Holtzman & Krinzman, Miami, for appellant.
Ollie L. Evans, Miami, for appellees.
Before PEARSON, HENDRY and BARKDULL, JJ.
BARKDULL, Judge.
Lundy's Market, Inc., the employer, appeals a decision of the Board of Review, Department of Commerce, that an employee, Marta Nogueiras, was not discharged on the basis of misconduct and that, therefore, the employer was obligated to pay its pro rata share of unemployment benefits.
Nogueiras filed a claim for unemployment benefits. During the investigation, the employer contended that the discharge was the result of misconduct connected with work but the claims adjudicator determined that there was no clear proof of misconduct and that the employer was liable for its share of the unemployment benefits.
The employer appealed to the appeals referee. Through its manager and part owner, the employer gave sworn testimony that the employee had, on numerous occasions, operated the cash register in violation of instructions; that she would leave change out of the cash register (on the counter, by the cash register) and would leave the cash register drawer open. The employer testified that he had counseled her about this on numerous occasions, and that on one particular occasion she caused the embarrassment of an innocent customer by attaching the incorrect sales slip to a purchase. Nogueiras testified that though the employer had mentioned the fact that she left the drawer open sometimes, he never really talked to her about it and attempted to explain the other matters.
The appeals referee found that the employee had failed to follow instructions, which was a deliberate disregard for the employer's interest. The referee determined that the discharge was based on misconduct and that the employee was not entitled to benefits. The employee appealed to the Board of Review, which reversed, finding no misconduct and ordered the employer to pay its share of unemployment benefits.
This appeal ensued. The appellant contends[1] that the only evidence before the appeals referee demonstrated that the employee repeatedly failed to carry out employer instructions. This constitutes misconduct. Varig Brazilian Airlines v. Florida Department of Commerce, Division of Employment Security, 354 So.2d 921 (Fla. 3d DCA 1978); § 443.06(1) & (9), Fla. Stat. (1977). The appeals referee (the fact finder) determined that there was misconduct. His findings, when supported by substantial competent evidence, should not be overturned. Since there was substantial evidence, the Board erred in reversing the appeals referee. Varig Brazilian Airlines v. Florida Department of Commerce, Division of Employment Security, supra; General Telephone Co. of Florida v. Board of Review, 356 So.2d 1357 (Fla. 2d DCA 1978).
Reversed and remanded, with directions to reinstate the order of the appeals referee that the appellee is not entitled to benefits.
Reversed and remanded, with directions.
NOTES
[1] Counsel for the appellees did not favor the court with a brief or oral argument. We suggest that if counsel believe the appellant's position is meritorious they should so indicate, or if they believe the order under review is correct they should favor this court with at least a brief; this is particularly true when a public agency and its counsel are involved.