377 So.2d 806 (1979)
Edward PEREZ, Appellant,
v.
STATE of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, APPEALS COMMISSION and A.J. Automotive Warehouse, Appellees.
No. 79-786.
District Court of Appeal of Florida, Third District.
December 11, 1979.
*807 Legal Services of Greater Miami and Barbara Green and Stephen T. Maher, Miami, for appellant.
James R. Parks and Dana C. Baird, Tallahassee, for appellees.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The claimant seeks review of an order affirming the decision of an Appeals Referee which denied him unemployment compensation benefits by virtue of the provisions of Sec. 443.06(1), Fla. Stat. (1977). We affirm.
The record shows that Perez was employed, on a full-time basis, in the "used parts bank" of the A.J. Automotive Warehouse, an automotive parts dealer. In early July, 1978, the company's truck driver quit, and Perez was asked temporarily to fill in for him. Since he was not relieved of his duties in the parts department, Perez was required in effect to perform two jobs. Despite his entreaties, over two weeks passed without the truck driver's being replaced. On July 19, 1978, Perez told his employer that his working conditions had become intolerable and thereupon, as he put it several times at the proceeding below, "quit" his job. Two days later, on Friday, July 21, his boss told him that a new driver had been hired and asked Perez to return to his old position. He agreed, and resumed his regular job in the used parts bank on Monday, July 24. Three weeks after that, however, he was injured on the job and was unable to work for several weeks. When Perez returned on September 18, 1978, he was told that his job had been filled and he was not reemployed.
Upon Perez's subsequent application for unemployment benefits, he was disqualified by the Claims Examiner on the ground that he had, on July 19, "voluntarily left his employment without good cause attributable to his employer" under Sec. 443.06(1), F.S., and had not, after being rehired, "earned wages equal to or in excess of 10 times his weekly benefit amount." Sec. 443.06(1)(a), F.S. After a hearing, the Appeals Referee reached the same conclusion. The Department of Labor and Employment Security affirmed that decision, and Perez has taken this appeal.
Our affirmance is based primarily upon the familiar principle that this court lacks authority to interfere with an administrative decision based upon an acceptable view of the evidence below. See Florida Industrial Commission v. Ciarlante, 84 So.2d 1 (Fla. 1955); Lundy's Market, Inc. v. Florida Department of Commerce, 373 So.2d 433 (Fla. 3d DCA 1979), and cases cited. We simply may not substitute our judgment for the referee's conclusion that the requirement that Perez temporarily perform two jobs was not such as "would reasonably impel[1] the average able-bodied qualified worker to give up his ... employment," Uniweld Products, Inc. v. Industrial Relations Commission, 277 So.2d 827, 829 (Fla. 4th DCA 1973), and thus did not constitute *808 "good cause" for him voluntarily to have quit. See also Coolaire Nordic International Corp. v. Florida Department of Commerce, 356 So.2d 1317 (Fla. 4th DCA 1978); Uniweld Products, Inc. v. Industrial Relations Commission, supra; Zielenski v. Board of Review, 85 N.J. Super. 46, 203 A.2d 635 (1964); 81 C.J.S. Social Security § 226 (1977).
Perez claims also that, even if there were no good cause, the disqualification provisions of § 443.06(1)(a) nevertheless should not be applied. Relying on Rodriguez v. Florida Department of Commerce, 328 So.2d 24 (Fla. 3d DCA 1976), it is argued that the legislature "could not have intended" the statute to cover a case in which an employee leaves over a dispute with his employer but returns when the situation is corrected after missing only two days work. We cannot agree. While the situation may well be one properly to be brought to the attention of the legislature, our acceptance of Perez's position on this point would amount to the judicial creation of an exception to the clear and unambiguous terms of the statute. We are not empowered to accomplish such a result. City of Fort Lauderdale v. Fowler, 355 So.2d 159 (Fla. 4th DCA 1978); Vocelle v. Knight Brothers Paper Co., 118 So.2d 664 (Fla. 1st DCA 1960).
Lastly, we reject the contention that Perez's July unemployment was "due to a labor dispute in active progress" under Sec. 443.06(4), Fla. Stat. (1977) and was therefore not subject to the 10-times-benefits earnings requirement imposed by Sec. 443.06(1)(a). The "labor dispute" provision is concerned with issues arising from a concerted action involving a number of employees, rather than, as in this case, a personal controversy between a single worker and his employer. See Nash v. Florida Industrial Commission, 389 U.S. 235, 88 S.Ct. 362, 19 L.Ed.2d 438 (1967), reversing, 191 So.2d 99 (Fla. 3d DCA 1966); Annot., Unemployment Benefits  Labor Disputes, 63 A.L.R.3d 88, 103 (1975); compare Olusczak v. Florida Industrial Commission, 230 So.2d 31 (Fla. 1st DCA 1970); Meyer v. Florida Industrial Commission, 117 So.2d 216 (Fla. 2d DCA 1959). It surely cannot be said that there was a labor dispute "in active progress" at A.J. Automotive Warehouse after Perez simply quit his job without a then-existing intention to return. See Deshler Broom Factory v. Kinney, 140 Neb. 889, 2 N.W.2d 332, 334 (1942).
Affirmed.
NOTES
[1] We find, contrary to the appellant's contention, that the statement in the order under review that Perez did not have a "compelling and necessitous reason to abandon his employment," does not reflect a misapprehension of the appropriate legal standard for the determination of "good cause" for a voluntary departure from work. Taken in the context of the entire order, it is apparent that this language represented merely a perhaps unfelicitous choice of words to express the conclusion that Perez did not meet the applicable test; that of having cause which would "reasonably impel" an average employee to leave his job. See also Mueller v. Harry Lee Motors, 334 So.2d 67, 68 (Fla. 3d DCA 1976).