LETTS, Judge.
This appeal stems from unemployment compensation benefits denied because of discharge from employment for misconduct. We reverse.
The claimant was employed in the Bro-ward County auto tag information center as a lead worker but not as a supervisor. His duties primarily consisted of answering public inquiries about auto tags, registration and titles and he had no assigned connection whatever with personnel or management. Notwithstanding, he more than once attempted to inject himself into personnel matters resulting finally in a letter from his supervisor putting him “. on notice that any further action of this type will result in an immediate recommendation that you be discharged from County service.”
Sometime later the claimant’s supervisor dismissed a probationary fellow worker and the claimant once again sought to interfere and have this firing reversed. At that point the claimant’s own firing might have been justified, but instead his supervisor merely told him to mind his own business. Still not satisfied, the claimant persisted and wanted to approach the County Commission. After refusing to permit a letter to be written to the County Commission complaining about the dismissal, the supervisor unwisely relented and gave the claimant permission to enquire in writing of the County Commission if it would be out of order for him to thereafter write a letter “. . . outlining [his] concern over the dismissal of a fellow employee without fear of being terminated . . . .” Having received permission to write such a letter the claimant thereupon wrote the following:
January 24, 1979
Broward County Commission
201 S.E. 6th Street
Fort Lauderdale, Florida
Dear County Commissioners:
I am a County Employee and would like an answer to the following question:

MAY I WRITE A LETTER TO THE COUNTY COMMISSION OUTLINING MY CONCERN OVER THE DISMISSAL OF A FELLOW EMPLOYEE WITHOUT FEAR OF BEING TERMINATED FROM MY POSITION FOR THAT REASON!

Background:
1. In December of 1976 I attempted to discuss my concern over the dismissal of an employee with my office head. I also prepared and circulated a petition about this and presented it to the office head.
2. The following day, my office head put me on notice, in writing, that “any further action of this type will result in an immediate recommendation *DCCCXCIV that you be discharged from County Service.”
3. Last week, after learning of the dismissal of another fellow employee, I expressed my concern to the office head and asked for clarification of his earlier warning letter. Specifically, I asked if he would fire me if I wrote a letter to the County Commission. He said “Yes.” Also, would he fire me if I wrote to the Personnel Director; again, “Yes.” Also, I would get fired if I wrote a letter to the press, or to other employees, and maybe even to the employee being dismissed, depending on where the letter wound up in the last case.
Please understand that I’m not inquiring about what, if anything, the County Commission should or would do upon receipt of such a letter. I’m simply asking about my right to send you the letter without fear of being fired for doing so. I’d greatly appreciate the Commission checking this through your Legal Counsel. Also, I am fully aware of the County Grievance-Procedure and, of course, will be available as a witness when and if an appeal of this employee’s termination is heard before the personnel review board. But aside from this mechanism, I wish to know whether I, a County employee, have the same rights as other County residents when it comes to writing to one’s elected Commissioners.
Sincerely,
/s/ Terry Jeck
cc: office head
Personnel Director
We have read and reread this communication and cannot find that its contents rise to the level of “misconduct.”
Section 443.06, Florida Statutes (1977) prescribes that benefits may be denied if an employee is discharged for misconduct connected with his employment. In turn Section 443.06(9)(a), Florida Statutes (1977) tracks the Supreme Court definition set forth in Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla.App.1963) and defines misconduct as:
Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee;
We agree that the letter went further than the supervisor intended, but we cannot find it to be in willful or wanton disregard of the employer’s interests, especially since it set forth no specifics about the circumstances surrounding the dismissal of the fellow employee.
This conclusion should not be taken as a signal that we condone the writing of such letters over the heads of supervisors. It was not part of the claimant’s job classification to meddle in personnel and his supervisor’s reasonable expectation must be that he perform the duties specifically assigned to him and no others. Moreover this claimant solicited fellow workers to his point of view and such conscious actions could only undermine the authority of his supervisor. Orderly respect for those in the chain of command is a must in every field of endeav- or and very much in every employer’s interest. It is inconceivable to suppose that every employee of Broward County, allegedly aggrieved by his supervisor’s actions, can enjoy direct access to the highest policy setting group in county government. As the second last paragraph of claimant’s own letter acknowledges, there are grievance procedures for that.
Notwithstanding, the problem here is that the claimant did receive authority to write a letter. Perhaps he went too far but we cannot find the letter’s contents to be in willful or wanton disregard of his employer’s interests.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
DOWNEY, C. J., and BERANEK, J., concur.