COBB, Judge.
The Florida Department of Agriculture appeals from a decision of the Unemployment Appeals Commission, which reversed a decision of the appeals referee affirming the initial determination of the claims examiner, who denied the application of the appellee, Johnny Doss, for unemployment compensation.
In 1966, Doss was employed by the Florida Department of Agriculture as a fruit, nut, and vegetable inspector. The nature of the work is seasonal, and inspectors are expected to move from state to state. At the time of his employment, Doss signed a statement recognizing that transfers both within and without the State of Florida would be necessary, and he accepted such transfers as a condition of employment.
Thereafter, Doss worked out of state each year for some period of time. In 1979, he received a letter from his supervisor requesting him to report for work in Albany, Georgia, on August 15, 1979. Doss refused for the stated reason that he had been involved in a physical altercation with a bellicose individual in Georgia the preceding season, although not in Albany. He also cited the increased cost of living as a basis for his refusal.
When Doss applied for unemployment compensation, the claims examiner found that he had refused to work out of state, contrary to the express condition of his employment and in contravention of his past record of out-of-state work over the years. Therefore, the examiner found that Doss failed to show that the work was unsuitable or that he had good cause for refusing it. This decision was affirmed by the claims referee.
In reversing, the Unemployment Appeals Commission found that good cause to refuse work was established by the showing that the distance of relocation was over 300 miles and the job was for a temporary period of time. This finding cannot be sustained under these circumstances. Doss knew that travel was common to this type of employment and specifically agreed to transfers both in and out of the State of Florida at the time he was employed. One unfortunate altercation at one location in Georgia, in no way attributable to the employer, is no basis to refuse all further work in that state. Therefore, Doss' refusal was unreasonable, and the decision of the appeals referee was supported by substantial, competent evidence, and should not have been overturned by the commission. David Clark & Associates, Inc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980); Lundy’s Market, Inc. v. Fia. Dept. of Commerce, 373 So.2d 433 (Fla. 3d DCA 1979); General Tel *992 ephone Co. of Florida v. Board of Review, 356 So.2d 1357 (Fla. 2d DCA 1978).
The decision of the Commission is quashed, and the decision of the appeals referee is reinstated.
UPCHURCH and COWART, JJ., concur.