BOARDMAN, Acting Chief Judge.
Claimant Phillip E. Castor appeals the Unemployment Appeals Commission’s (Commission) reversal of the decision of the appeals referee finding that claimant is entitled to unemployment compensation benefits. We reverse.
Claimant was employed by Triangle Pacific Corporation, a cabinet manufacturer, as a lead cabinet builder. Claimant’s work performance was considered excellent.
On the last working day prior to claimant’s discharge, Charles Tate, the plant manager, called a plant meeting near the end of the working day. As Tate was calling the meeting to order, there was an outburst somewhere in the room. The room then quieted, and Tate began the meeting. After the meeting was over, Tate was told that claimant had made the loud *830 outburst. Claimant explained at the hearing that he had burst out laughing at something a friend there had just said to him.
On the following work day, shortly after the claimant arrived for work, Tate called claimant to his office to discuss claimant’s outburst during the meeting. During this discussion, Tate brought up an earlier incident that had been discussed with claimant previously and accused claimant of being disruptive to the plant and having a bad attitude. Claimant stood up and walked to the door to leave because he saw no point in rehashing these prior incidents. Tate insisted that claimant come back and sit down, as Tate was not finished with the discussion. Claimant walked back to Tate’s desk but refused to sit down, feeling that he did not have to sit down and that it was unimportant whether he sat or stood. Tate explained at the hearing that he felt that sitting down for a discussion was more conducive to full concentration on the discussion topic, that a person is more likely to be distracted by work related thoughts if he is standing.
However, neither claimant nor Tate explained his thoughts on the “sitting vs. standing” issue at the time. Claimant simply refused to sit down, and Tate simply told claimant that if he did not sit down and finish the discussion he would be fired. Claimant maintained his refusal to sit down, and Tate fired him on the spot.
The appeals referee concluded that claimant “was discharged because he did not seat himself during a discussion with the plant manager.” The referee went on to state in her written decision: “The mere fact that the claimant did not seat himself at the invitation of the plant manager would not show an intentional disregard of the employer’s interests.... Although the action of the employer might have been an affront to his supersensitive nature, it cannot be considered that this was misconduct connected with his work as it was not an intentional disregard of the employer’s interests.”
The Commission correctly concluded that the referee’s findings of fact were supported by competent, substantial evidence. However, it disagreed with the referee’s conclusion, finding that Tate’s order to claimant to sit down “was a reasonable and legitimate exercise of authority” and that claimant’s refusal to obey this order “amounted to insubordination.” The Commission concluded that “claimant was discharged for refusing to obey a legitimate and reasonable order from his supervisor” and therefore was properly discharged for misconduct connected with his work.
The Commission relies on Citrus Central v. Detwiler, 368 So.2d 81 (Fla. 4th DCA 1979), to support its conclusion that claimant was guilty of insubordination amounting to misconduct connected with his work. The Commission’s reliance is misplaced.
The following definition of “misconduct connected with [an employee’s] work” within the meaning of Section 443.101, Florida Statutes (1981), which disqualifies an individual for unemployment compensation benefits if he was discharged for such misconduct, was adopted by the third district in Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla.3d DCA 1963), and by this court in Castillo v. Florida Department of Commerce, 253 So.2d 162, 165 (Fla.2d DCA 1971):
“ ‘Misconduct’ * * * is limited to conduct evincing such wilful or wanton disregard of an employer’s interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee... . ”
In Detwiler, the employee walked off the job to complain to a higher company official about his transfer to another department. He left his job site after being expressly ordered by his foreman to continue working and to wait to make his complaint until he was off duty. This act was held to constitute misconduct.
We have no quarrel with the holding in Detwiler, but the employee’s act there is not analogous to that of claimant here. Obviously, an employee’s refusal to carry out his assigned tasks is harmful to the employer’s interests, and an employer *831 has the right to expect his employee to work on such assigned tasks during his scheduled working hours. Moreover, we agree with the Commission that Tate, as claimant’s employer, had a right to determine whether and when to hold a disciplinary conference with claimant, what work related subjects Tate would bring up for discussion, and whether he was ready to conclude the discussion when claimant had no more to say. Had claimant continued out the door or refused to continue the discussion after Tate called him back, he might have been guilty of misconduct connected with his work.
However, claimant’s mere refusal to sit down cannot be construed as misconduct. An employer’s “interests” and “standards of behavior which the employer has the right to expect of his employee” do not extend so far as to permit an employer to dictate such things as whether an employee shall sit or stand at any given moment on the job, absent reasons involving safety or other practical and demonstrable reasons made known to the employee at or before the specific direction in question is given. Tate’s order is deficient on two grounds: (1) His stated basis for his order has not been demonstrated to be applicable to claimant or to people in general; the fact that sitting down for a conference works best for him, while it would have justified his suggesting that claimant also sit, did not give him license to impose his personal preference upon claimant. (2) Tate did not explain, and claimant did not understand, the reason Tate wanted claimant to sit down until the hearing before the appeals referee.
It is true that most employers would expect a direction similar to that involved here to be complied with, and most employees would comply as a matter of course. However, while claimant may have acted discourteously and exercised poor judgment in refusing to sit down at Tate’s direction, his behavior did not amount to “misconduct” within the meaning of the statute. See Hammett v. Florida Department of Commerce, 352 So.2d 948 (Fla.2d DCA 1977); Woskoff v. Desta Enterprises, 187 So.2d 101 (Fla.3d DCA 1966).
Accordingly, the Commission’s order is REVERSED and the cause REMANDED with directions to affirm the appeals referee’s decision.
SCHEB and SCHOONOVER, JJ., concur.