455 So.2d 1104 (1984)
Selvin G. HINES, Appellant,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, State of Florida, Unemployment Appeals Commission and the Central Press of Miami, Inc., Appellees.
No. 84-292.
District Court of Appeal of Florida, Third District.
September 18, 1984.
*1105 Barbara Green, Miami, for appellant.
Donna Erlich, Tallahassee, for appellee, Unemployment Appeals Com'n.
Manas & Marcus and Richard Manas, Miami, for appellee, The Central Press of Miami, Inc.
Before HUBBART, NESBITT and BASKIN, JJ.
NESBITT, Judge.
Hines appeals a decision of the Unemployment Appeals Commission affirming an Appeals Referee's denial of his claim for unemployment compensation. We affirm.
In 1979 Hines began working for Central Press as a feeder in the press room. Hines was at one point promoted to the position of pressman, but due to substandard performance in that position, he was demoted to second pressman. In April 1983, Hines had a heated argument with the pressman with whom he was working. Both Hines and the pressman were reprimanded for this conduct by the vice president in charge of production. This led to a heated exchange between Hines and the vice president in which Hines challenged the vice president to fire him. The vice president informed Hines that he did not intend to discharge him, but warned Hines never to make such a challenge again.
On June 16, 1983, there being insufficient printing work to be done, Hines was working in the stock area. He had finished the work in the stock area and was engaged *1106 in a conversation with the bindery supervisor when Hines' foreman sent for him. When Hines failed to report immediately, the foreman went to the stock area and told Hines to get back to work in his assigned area. When Hines attempted to explain his absence, the foreman refused to listen and told him to keep busy by assisting the feeder operator and cleaning and sweeping the floor. Both persons became upset and a confrontation occurred in front of other employees in which Hines offensively refused to clean or sweep the floor. The foreman then asked Hines how much he liked or wanted his job. At this point, Hines slammed his fist down on a stack of skids and shouted that he "didn't give a damn" if the foreman fired him, and that the foreman should go ahead and fire him. The foreman complied with the request.
Hines filed a claim for unemployment compensation which was initially granted by a claims examiner. Hines' employer, however, filed an appeal and the Appeals Referee reversed the determination of the claims examiner by finding that Hines' action amounted to "misconduct connected with work" and that, therefore, Hines was "disqualified from receiving benefits." The Unemployment Appeals Commission affirmed the decision of the Appeals Referee finding that it was "in accord with the essential requirements of law." This appeal followed.
Under section 443.101, Florida Statutes (1983), an individual is disqualified for unemployment compensation benefits if he has been discharged "for misconduct connected with his work, if so found by the division." The sole issue presented is whether Hines' attitude and actions on June 16, 1983 constituted "misconduct."
Under the specific language of the statute, the question of whether an employee has been discharged for misconduct connected with his work is a matter to be determined by the division. Marion County School Board v. Clark, 378 So.2d 831 (Fla. 1st DCA 1979). This court, therefore, lacks authority to interfere with an administrative decision based upon an acceptable view of the evidence below. Perez v. State, Department of Labor & Employment Security, Appeals Commission, 377 So.2d 806 (Fla. 3d DCA 1979). Accordingly, we must affirm the referee's determination of misconduct if it is supported by competent, substantial evidence in the record. Sanchez v. Department of Labor & Employment Security, State of Florida, Unemployment Appeals Commission, 411 So.2d 313 (Fla. 3d DCA 1982). Accord Lundy's Market, Inc. v. Florida Department of Commerce, Division of Employment Security, 373 So.2d 433 (Fla. 3d DCA 1979); Varig Brazilian Airlines v. Florida Department of Commerce, Division of Employment Security, 354 So.2d 921 (Fla. 3d DCA 1978); Carlson v. Florida Department of Commerce, 275 So.2d 24 (Fla. 2d DCA 1973).
For purposes of the unemployment compensation statutes, misconduct includes, but is not limited to:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.036(24), Fla. Stat. (1983). The two contributing factors in the referee's determination of misconduct were Hines' offensive challenge to the foreman to fire him in the presence of other employees, despite a prior warning not to make such a challenge, and Hines' belligerent refusal to follow the foreman's direct order to do certain work. We find that either of these factors would support the referee's determination.
Hines' insubordinate and offensive challenge of the foreman's authority in the presence of other employees was extremely detrimental to the work atmosphere from *1107 which an employer must be able to direct and command his employees. As was stated in Jeck v. Board of Review, 377 So.2d 812, 814 (Fla. 4th DCA 1979):
Orderly respect for those in the chain of command is a must in every field of endeavor and very much in every employer's interest.
Thus, Hines' actions in the present case were certainly in contravention of his employer's interests. Additionally, Hines' disregard of the prior warning not to challenge his superiors to fire him was also a material fact properly considered in determining that his actions constituted misconduct. See Fort Myers Pump & Supply, Inc. v. Florida Department of Labor & Employment Security, Division of Employment, 373 So.2d 429 (Fla. 2d DCA 1979); Varig Brazilian Airlines. While, perhaps Hines' conduct would not have constituted misconduct under the statute if it was a first occurrence, the fact that he had been previously warned against conducting himself in such a manner and he disregarded that warning amounts to misconduct under the facts of the present case.
Furthermore, Hines' belligerent refusal to comply with the foreman's legitimate work order is in itself sufficient to constitute misconduct within the purview of section 443.101. Obviously, an employer has the right to expect his employee to carry out assigned tasks, and an employee's refusal to do so is harmful to the employer's interest. Castor v. Department of Labor & Employment Security, 429 So.2d 829, 830-31 (Fla. 2d DCA 1983). Thus, an employee's intentional refusal to follow a superior's valid work order is considered misconduct connected with work. Citrus Central v. Detwiler, 368 So.2d 81 (Fla. 4th DCA 1979).
In Citrus Central, the employee disobeyed his foreman's order by leaving his work site. The employee left to complain to the main office about his transfer from one department to another. The foreman had advised the employee to continue working and to take his complaint to the main office when he was off duty. The employee disregarded this advice and was fired. The court noted that the employee's work history indicated that he was often transferred from department to department. 368 So.2d at 82-83. The court then held:
We rule that flagrant and intentional disobedience to a valid work order by a superior on the job should indeed be characterized as misconduct on the job... .
368 So.2d at 83.
In the present case, the record indicates that, due to a lapse in printing work, Hines often did other work for his employer. The foreman's order on June 16, 1983 that Hines assist the feeder operator, and sweep and clean the floor, therefore, was a valid work order given by Hines' superior. Hines' "flagrant and intentional" refusal to comply with that order amounted to misconduct connected with his work within the meaning of section 443.101. Citrus Central. See Castor.
We also find Hines' provocation defense to be without merit. Although we agree that unjustifiable provocation by an employer may in some instances be a valid defense to a charge of employee misconduct, we find that the foreman's action in the present case did not amount to such provocation. Cf. First Family Federal Savings & Loan Association v. Commonwealth, Unemployment Compensation Board of Review, 68 Pa. Commw. 578, 449 A.2d 870 (1982) (an employee's threat of hitting his manager if the manager hit him again does not amount to misconduct where the manager initiated physical contact by slapping the employee, thus amounting to justifiable provocation; in addition, the threat was de minimis in nature under the circumstances); Nehi Bottling Co. v. Unemployment Compensation Board of Review, 27 Pa. Commw. 251, 366 A.2d 594 (1976) (a threat by an employee to his superior does not constitute willful misconduct where it is the result of calculated and purposeful harassment of the employee); Horace W. Longacre, Inc. v. Commonwealth, Unemployment Compensation *1108 Board of Review, 12 Pa.Commw. 176, 316 A.2d 110 (1974) (although the use of vulgar and offensive language addressed to a superior constitutes willful misconduct, de minimis offensive language does not amount to misconduct when it is provoked by an "improper and unpardonable indiscretion by an executive"). Hines is simply reading too much into the referee's finding that "[a]s the result of the foreman being upset, the claimant became upset... ." This finding read in pari materia with the remainder of the findings and the record indicates that provocation is not a valid defense in the present case.
Accordingly, we find that the Appeals Referee's decision that Hines' actions constituted misconduct is supported by competent, substantial evidence. The Commission's affirmance of that decision is hereby affirmed.