502 So.2d 78 (1987)
Gail STAHL, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 86-1384.
District Court of Appeal of Florida, Third District.
February 10, 1987.
*79 Gail Stahl, in pro. per.
John D. Maher, Tallahassee, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellant/claimant appealed to the Florida Unemployment Appeals Commission, challenging the findings of the Appeals Referee regarding the incident that led to the termination of her employment. The Referee found that appellant was disqualified from receiving benefits due to her misconduct during her employment, to-wit: she was insubordinate to her superior and created a disturbance at the employer's premises by shouting obscenities at her superior while other employees and customers were in the area. The issue before the Commission was whether appellant's behavior constituted misconduct within the meaning of sections 443.036(24)[1] and 443.101 (Disqualification for Benefits), Florida Statutes (1985). Upon review by the Commission, the decision of the Referee was found to be in accord with the essential requirements of law, and was affirmed. This appeal was taken from the Commission's order.
We affirm the order under review upon a holding that the underlying findings of the Referee, which are supported by substantial competent evidence in the record, established misconduct which disqualified appellant for benefits under the Unemployment Compensation Law. See Heifetz v. Dep't of Business Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985) (agency may not reject hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred); Hines v. Dep't of Labor & Employment Security, 455 So.2d 1104, 1108 (Fla. 3d DCA 1984) (district court must affirm where competent, substantial evidence supports appeals referee's decision that employee's actions  insubordinate and offensive challenge of foreman's authority in presence of other employees  constituted misconduct); Citrus Central v. Detwiler, 368 So.2d 81 (Fla. 4th DCA 1979) (reversing agency order overturning appeals referee's finding of employee misconduct, which finding was supported by adequate evidence); Varig Brazilian Airlines v. Florida Dep't of Commerce, 354 So.2d 921 (Fla. 3d DCA 1978) (quashing agency's order reversing appeals referee's finding of employee misconduct where record established substantial, competent evidence of repeated behavior by employee evincing intentional *80 and substantial disregard of employer's interests).
Affirmed.
NOTES
[1] MISCONDUCT  "Misconduct" includes, but is not limited to, the following ...:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.