646 So.2d 842 (1994)
William M. SCOTT, Appellant,
v.
CENTRAL FLORIDA TOWER CORPORATION and Florida Unemployment Appeals Commission, Appellees.
No. 94-00697.
District Court of Appeal of Florida, Second District.
December 16, 1994.
*843 Suzanne Harris of Florida Rural Legal Services, Inc., Lakeland, for appellant.
John D. Maher, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
BLUE, Judge.
William M. Scott appeals an order of the Unemployment Appeals Commission affirming the decision of the appeals referee that Scott was discharged from his employment for misconduct. Because the record does not support this decision, we reverse.
The question of whether an employee has been discharged for misconduct connected with his work is a matter to be determined by the Division of Unemployment Compensation of the Department of Labor and Employment Security. § 443.101, Fla. Stat. (1993). This court lacks authority to interfere with the division's decision when it is based upon an acceptable view of the evidence presented at the hearing. Perez v. State, Dep't of Labor and Employment Sec. Appeals Comm'n, 377 So.2d 806 (Fla. 3d DCA 1979). If there is competent, substantial evidence in the record to support the referee's determination of misconduct, this court must affirm. Carlson v. Florida Dep't of Commerce, 275 So.2d 24 (Fla. 2d DCA 1973).
At the referee's hearing, there was conflicting testimony regarding the incident that led to Scott's discharge. The referee resolved conflicts in the testimony in favor of Scott. The appeals referee then found that Scott was discharged for not performing his job duties as instructed and for insubordination. Insubordination and the refusal to comply with a legitimate work order constitute misconduct. Fort Myers Pump and Supply, Inc. v. Florida Dep't of Labor and Employment Sec. Div. of Employment Sec., 373 So.2d 429 (Fla. 2d DCA 1979).
Accepting Scott's version of the incident, as the appeals referee did, there is no factual basis for the determination that Scott failed to perform his job duties as instructed. Scott testified that he complied with the employer's work order. Further, any acts of insubordination were in response to the employer's conduct. The Third District has recognized this as a "provocation defense." Hines v. Dep't of Labor and Employment Sec., 455 So.2d 1104 (Fla. 3d DCA 1984). The facts relied on by the appeals referee do not provide competent, substantial evidence to support the determination that Scott engaged in misconduct.
Therefore, we reverse the order denying Scott's claim for unemployment benefits and remand for proceedings consistent with this opinion.
PARKER, A.C.J., and QUINCE, J., concur.