670 So.2d 178 (1996)
Michael L. COOKS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Fort Lauderdale Lighthouse for the Blind, Inc., Appellees.
No. 95-0635.
District Court of Appeal of Florida, Fourth District.
March 27, 1996.
*179 Michael L. Cooks, Fort Lauderdale, pro se.
William T. Moore, Tallahassee, for Appellee-Unemployment Appeals Commission.
STEVENSON, Judge.
Appellant, Michael L. Cooks, challenges a final order of the Unemployment Appeals Commission affirming an order of the appeals referee which found that appellant was not entitled to unemployment compensation benefits after he was fired from his job. Because the record fails to support the finding that appellant was discharged for "misconduct" in connection with his employment, we reverse.
The facts may be briefly stated. Cooks was employed as a "maintenance engineer" with the Fort Lauderdale Lighthouse for the Blind, Inc. ("Lighthouse"). In November of 1994, the executive director of Lighthouse confronted appellant concerning a van which appellant was driving, but which needed repairs. The executive director told appellant, "You were driving an unsafe vehicle, don't you know you could have killed everybody[?]" She then added: "You're a menace and if you don't straighten up, your job is going to be in jeopardy in two weeks." Appellant attempted to defend himself by informing the executive director that, "The last time I drove it, the van was fine." He added, "Why don't you do it [fire me] right now if you've got a problem with me." Thereafter, the executive director ordered appellant out of her office.
A half hour later the executive director called Cooks back into her office. Cooks was asked to sign a warning stating that he was driving an unsafe vehicle and endangering the lives of passengers. In response, Cooks expressed the sentiment that the warning was unjustified because he was unaware of the van's mechanical problems. The referee made the following findings:
Both parties were argumentative. The executive director then stated that if the claimant did not like this place, he should quit. The claimant remarked he liked working for the employer. However, the claimant commented, "If you don't like me, why don't you fire me." The executive director then terminated the claimant.
The appeals referee found that there was no evidence that Cooks improperly performed his duties regarding the van, but that *180 Cooks "challenged the authority of the executive director" when he told her to fire him and that this "direct challenge ... could only be considered misconduct connected with work." We disagree with the referee's legal conclusion.
The term misconduct includes, but is not limited to, conduct which shows "such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee[.]" § 443.036(26), Fla.Stat. (1993). In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant. Hummer v. Unemployment Appeals Comm'n, 573 So.2d 135, 137 (Fla. 5th DCA 1991). Moreover, misbehavior serious enough to warrant an employee's dismissal is not necessarily serious enough to sustain forfeiture of compensation benefits. Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d 846, 848 (Fla. 4th DCA 1995).
In Hines v. Department of Labor and Employment Security, 455 So.2d 1104 (Fla. 3d DCA 1984), Hines and a co-worker got into a heated argument, and both were subsequently reprimanded by the vice president of the company. While being reprimanded, Hines and the vice president got into an argument, and during the exchange, Hines challenged the vice president to fire him. The vice president informed Hines that he did not intend to fire him, but warned Hines never to make such a challenge again. 455 So.2d at 1104.
Soon thereafter, Hines had an argument with his foreman because Hines failed to report to the foreman in a timely manner. As he had done with the vice president, Hines told the foreman that he "didn't give a damn" if the foreman fired him. In fact, Hines added that the foreman should go ahead and fire him. When the foreman complied by firing him, Hines filed a claim for unemployment compensation.
In examining the case, the Third District Court determined that Hines' offensive challenge to the foreman to fire him in the presence of other employees, despite a prior warning not to make such a challenge, was sufficient to support the appeals referee's decision denying Hines benefits. In making this finding, the court noted,
[w]hile perhaps Hines' conduct would not have constituted misconduct under the statute if it was the first occurrence, the fact that he had been previously warned against conducting himself in such a manner and he disregarded that warning amounts to misconduct under the facts of the present case.
Id. at 1107.
Unlike the situation in Hines, this episode was the first occurrence where Cooks challenged his superiors, he had received no prior warnings, and there is no evidence in the record that the heated exchange occurred in the presence of other employees. In addition, this case involves a feature not present in Hineshere the employer was implicated in making imprudent, provocative remarks. Here, the executive director invited Cooks to quit. Cooks then invited the executive director to fire him. The executive director's remark was insensitive and demeaning. Cooks' retort was unnecessary and best kept to himself. Neither comment furthered the interests of the company.
This court has previously determined that isolated infractions of company policy with no prior warnings usually amount to no more than poor judgment rather than misconduct within the meaning of chapter 443. See Bulkan, 648 So.2d at 848. This is such a case. Accordingly, we reverse the final order of the Unemployment Appeals Commission and remand this cause so that an order may be entered allowing Cooks to receive unemployment benefits.
REVERSED.
FARMER and PARIENTE, JJ., concur.