689 So.2d 1193 (1997)
Lucille I. JENNINGS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Healthsouth of Fort Lauderdale, Appellees.
No. 95-4329.
District Court of Appeal of Florida, Fourth District.
March 12, 1997.
Lucille I. Jennings, Sunrise, pro se.
William T. Moore, Tallahassee, for Appellee-Unemployment Appeals Commission.
STONE, Judge.
We affirm an Unemployment Appeals Commission order affirming a referee's decision to deny unemployment benefits. The record supports the conclusion that Appellant, discharged for sleeping on the job, was fired for misconduct connected with work under the unemployment compensation law.
*1194 Appellant, a nursing technician, was assigned to an eight hour night shift in the brain injury department of a hospital. The evidence reflects that a supervisor found Appellant sleeping during her break in a rocking chair behind a door in the pediatric department. Hospital policy prohibited sleeping during break and taking breaks in that section of the pediatric department. Appellant was aware of these policies. The reason for the no sleeping rule is to protect patients in the event of an emergency, to know where staff is at all times, as well as to present a professional image to hospital patrons. Appellant was not simply resting, but was in a deep sleep.
Misconduct is defined in section 443.036(26), Fla.Stat. (Supp.1996), as:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has a right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
The referee and commission could reasonably conclude that such conduct in these circumstances was either in willful or wanton disregard of legitimate employer standards, or careless to a culpable degree and in disregard of her duties and the employer's interest. Cf. Fink v. Florida Unemployment Appeals Comm'n, 665 So.2d 373 (Fla. 4th DCA 1996). The commission's order is presumptively correct and should not be reversed where supported, as here, by substantial competent evidence. Kelle v. D.H. Holmes Co., Ltd., 658 So.2d 1161 (Fla. 2d DCA 1995); Scott v. Cent. Florida Tower Corp., 646 So.2d 842 (Fla. 2d DCA 1994).
We recognize that generally a single, isolated act of negligence does not constitute sufficient misconduct to justify depriving an employee of benefits. See Cooks v. Unemployment Appeals Comm'n., 670 So.2d 178 (Fla. 4th DCA 1996); Miller v. Barnett Bank of Broward County, 650 So.2d 1089 (Fla. 3d DCA 1995). In Bulkan v. Florida Unemployment Appeals Comm'n., 648 So.2d 846 (Fla. 4th DCA 1995), we found that an automotive technician's failure to write a service order for labor performed for a friend of a sales manager is not a serious enough offense, as an isolated incident, to justify forfeiting benefits. However, here there is evidence that the employee acted willfully and had been alerted to the significance of the employer's concerns. Appellant chose not to testify as to any mitigating factors or otherwise rebut the employer's evidence, apparently in an effort to preserve an objection to a denial of a continuance. We note that Appellant had been caught dozing off on other occasions. Supervisors had advised Appellant in group meetings, and individually, that the policy against sleeping on shift, even during breaks, was to be taken seriously, and that violation would result in her immediate suspension followed by further action which could include termination of employment.
We deem inapposite Paul v. Jabil Circuit Co., 627 So.2d 545 (Fla. 2d DCA 1993), which held that the Unemployment Appeals Commission erred in overturning a referee's finding in favor of a security guard who had fallen asleep on the job. The court in Paul emphasized that there was no evidence that the employee, who nodded off watching a T.V. monitor, acted willfully or that it was not an isolated incident. Here, Appellee presented proof of earlier incidents of dozing off and prior warnings.
Appellant's conduct in other contexts might well be deemed harmless or an instance of simple negligence or poor judgment. Here, however, given the nature of the facility and the need for postsurgical patient care, the decision deeming it misconduct connected with employment is supported by competent evidence and, under the totality of the circumstances, is not an abuse of the referee's or commission's discretion. As to the other issues raised, we also affirm.
WARNER and STEVENSON, JJ., concur.