THOMAS, J.
Appellant appeals an order of the Unemployment Appeals Commission upholding a determination that he is ineligible to receive unemployment compensation benefits because he was discharged for insubordination amounting to misconduct. We agree that Appellant’s actions rose to the level of misconduct and, thus, affirm the determination that he is ineligible to receive benefits.
Appellant was a golf professional with Appellee Indian Lake Estates, Inc. (Indian Lake). Differences between Robinson, Indian Lake’s general manager, and Appellant led to Appellant’s discharge. Robinson had heard that golfers were being allowed onto the course without being issued cash register receipts, which rendered Indian Lakes unable to keep track *696 of golfers. He instructed Appellant to issue receipts to all golfers, including club members. Appellant failed to comply with his instructions, and Robinson gave him a written warning. Robinson later saw Appellant fail to issue receipts, and he questioned Appellant and reminded him of the policy. The next day, however, Robinson again observed Appellant fail to give receipts to golfers.
Appellant testified that, although he did not give receipts to every player, he kept comprehensive records documenting who played the course. He further testified that many golfers refused to accept their receipts or threw them in the trash; additionally, a golfer’s taking a receipt did not assist in keeping track of the number of members or non-members playing the course each day when there was no “starter” outside to collect their receipts. Appellant told Robinson that the receipts were not helpful without a starter on the course. Appellant conceded that he permitted some players on the course without giving them register receipts, but explained that he did so because he had not opened his register and did not want to delay the golfers. He rang up the players after opening the register. Appellant testified that he rang up each player on the register every day and that, at the close of business each day, the register had a breakdown of how many members played the course, how many golfers played eighteen holes, and how many golfers played nine holes. Appellant argues on appeal that his actions did not constitute misconduct rendering him ineligible for unemployment compensation benefits.
“After a claimant proves that her employment has ended and that she has not worked for at least a week, the burden shifts to the employer to prove either a voluntary quit or a discharge attributable to the employee’s misconduct connected with work.” Gilbert v. Dep’t of Corr., 696 So.2d 416, 417-18 (Fla. 1st DCA 1997) (citations omitted). Here, the appeals referee determined that Appellant was ineligible for unemployment benefits because he had committed misconduct. The Unemployment Appeals Commission affirmed the determination.
Florida Statutes defines misconduct as:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
§ 448.036(29), Fla. Stat. (2008). “In order to support a denial of benefits, ‘misconduct connected with work’ is not mere inefficiency, unsatisfactory conduct, failure in good performance as the result of an inability or incapacity, inadvertence, good faith errors in judgment or discretion, or ordinary negligence in isolated instances. Rather, the employer must prove that the employee behaved intentionally or with a degree of carelessness or negligence that manifests a wrongful intent or evil design, or otherwise acted in a way that would constitute misconduct as defined in section 443.036(29).” Yost v. Unemployment Appeals Comm’n, 848 So.2d 1235, 1238 (Fla. 2d DCA 2003) (citation omitted).
Competent, substantial evidence supports the referee’s findings that Appellant repeatedly failed to issue receipts after being directed to do so. “Insubordination and the refusal to comply with a *697 legitimate work order constitute misconduct.” Scott v. Central Fla. Tower Corp., 646 So.2d 842, 843 (Fla. 2d DCA 1994). Here, Appellant was given a legitimate work order yet, after multiple warnings, continuously refused to comply. His failure to comply with the order to ensure that all golfers were given a register receipt demonstrates a willful disregard of his employer’s interest to track its golfers, despite Appellant’s opinions about the tracking system. Appellant’s actions constitute misconduct such that he is ineligible to receive unemployment compensation benefits. See Hines v. Dep’t of Labor & Employment Sec., 455 So.2d 1104, 1107 (Fla. 3d DCA 1984) (stating that “Hines’ disregard of the prior warning not to challenge his superiors to fire him was ... a material fact properly considered in determining that his actions constituted misconduct.... While, perhaps Hines’ conduct would not have constituted misconduct under the statute if it was a first occurrence, the fact that he had been previously warned [not to challenge his superiors to fire him] ... and he disregarded that warning amounts to misconduct under the facts of the present case.”); see also Gongaware v. Unemployment Appeals Comm’n, 882 So.2d 453 (Fla. 4th DCA 2004) (affirming the denial of unemployment compensation benefits on the basis of misconduct where, despite written warnings, employee repeatedly failed to comply with a provision of his employment contract requiring him to relinquish two percent of tips charged by customers on their credit cards).
Accordingly, we AFFIRM the order upholding the denial of benefits.
HAWKES, C.J., concurs; BENTON, J., dissents with opinion.