334 So.2d 67 (1976)
Barry W. MUELLER, Petitioner,
v.
HARRY LEE MOTORS, Employer, and Florida Industrial Relations Commission, Dept. of Commerce, Respondents.
No. 76-17.
District Court of Appeal of Florida, Third District.
June 2, 1976.
John Lazarus and Gail Taft, legal intern, Legal Services of Greater Miami, Miami, for petitioner.
James R. Parks, Miami, for respondents.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Petitioner, Barry W. Mueller, by certiorari seeks review of the denial of his claim for unemployment benefits.
On September 15, 1973 petitioner was hired by Harry Lee Motors to work a 44-hour week with overtime to be paid in excess of 44 hours. Upon telephoning the Bureau of Wages, he was informed that an employee is entitled to be paid overtime for the additional hours he works in excess of 40 hours per week. Petitioner attempted to discuss this issue with his boss, who refused and told petitioner if he was dissatisfied he could quit. Petitioner walked off the job and when he returned the next day, was informed that he had been replaced. After a hearing, petitioner's claim for unemployment compensation was denied by the claims examiner. The denial was affirmed by the appeals referee and the Industrial Relations Commission.
The law is established that an employee who voluntarily leaves his employment for good cause is still entitled to unemployment compensation benefits. Williams *68 v. Florida Industrial Commission, Fla. App. 1961, 135 So.2d 435. Good cause must be one which would reasonably impel the average able-bodied qualified worker to give up his or her employment. Uniweld Products, Inc. v. Industrial Relations Commission, Fla.App. 1973, 277 So.2d 827.
We conclude petitioner had the requisite good cause to terminate his employment in that he was not receiving overtime compensation for the additional four hours worked.
Certiorari is granted, order of denial is quashed and the cause is remanded for the entry of an order allowing petitioner benefits.
It is so ordered.