**G.W. COBB, Plaintiff-Appellant,**

v.

**FINEST FOODS, INC., d/b/a A & G Cafeterias, Defendant-Appellee.**

**No. 84–3294**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 25, 1985.

Rehearing and Rehearing En Banc Denied May 6, 1985.

Leroy H. Scott, Jr., Shreveport, La., for plaintiff-appellant.

McCalla, Thompson, Pyburn & Ridley, Steven Hymowitz, Norman A. Mott, III, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, RANDALL, and GARWOOD, Circuit Judges.

PER CURIAM:

G.W. Cobb appeals the judgment denying his claim for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 (Act). We affirm.

I

Plaintiff's first assignment with Finest Foods was to manage a cafeteria. However, both he and Finest's central management anticipated that Cobb would become a food service instructor as soon as plans for new operations and the conversion of old units into smorgasbord operations were finalized. Before commencing his assignment as a food instructor, Cobb, along with another instructor, prepared a recipe book to be used in all of defendant's establishments.

On August 20, 1979 plaintiff was assigned to assist in establishing a new contract food service operation at a college in Tennessee. Cobb was in charge of the hot foods section. His duties were to standardize the operation, to train and supervise the kitchen personnel in accordance with defendant's policies and procedures and to insure that they prepared the food properly and in a timely fashion. In conjunction with training the cooks, Cobb also assigned work, apportioned the workload between the cooks and the helpers, determined what work techniques they should use, and supervised their performance. He also assisted the permanent manager in developing the management policies for the continued operation of the cafeteria.

Cobb completed his duties at the college in three months. He was then assigned to assist in converting several of defendant's cafeterias to smorgasbord operations. At each of these various sites his duties were essentially the same as those he performed at the college. He continued in this assignment until he left defendant's employ on September 30, 1980.

He now seeks overtime payments for the period between August 20, 1979 and September 30, 1980. Both parties agree that Cobb worked more than forty hours a week during that period. However, he never requested overtime pay from defendant. Approximately one year after his resignation, Cobb filed an overtime claim with the

Wage and Hour Administration. His claim was rejected on the grounds that he was not entitled to overtime under the Act because he was an exempt employee. Cobb then filed the present action. The district court, 582 F.Supp. 818, also concluded that Cobb was exempt from the overtime pay requirements of the Act and entered judgment for the defendant.

## II

On appeal Cobb challenges the district court's conclusion that he was exempt from the overtime requirements of the Act.

The Act requires that employers pay overtime compensation to employees who work over forty hours per week. 29 U.S.C. § 207. However, section 13 of the Act exempts from the Act's provisions certain employees, including those acting in a bona fide executive or administrative capacity. 29 U.S.C. § 213(a)(1). These exemptions are defined by regulations promulgated by the Wage and Hour Division of the Department of Labor. 29 C.F.R. §§ 534.0–541.-602.

The trial judge found that plaintiff qualified under both the executive and administrative exemptions. Because Cobb admittedly earned more than $250 per week throughout the relevant time period, he is classified as an exempt executive if his "primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein...." 29 C.F.R. § 541.119.

Cobb conceded that he directed the work of two or more employees in the course of performing his duties for Finest Foods. Based on the evidence presented, the trial judge concluded that the hot foods sections of the various cafeteria operations where Cobb worked were recognized departments or subdivisions of the overall enterprise. Finally, the judge considered the five factors which 29 C.F.R. § 541.03 states should be weighed in determining an employee's primary duty: (1) time spent in perform-

ance of managerial duties; (2) relative importance of managerial and nonmanagerial duties; (3) the frequency with which the employee exercises discretionary powers; (4) the employee's relative freedom from supervision; and (5) the relationship between the employee's salary and the wages paid to employees doing similar nonexempt work. 29 C.F.R. § 541.103.

He determined that under these criteria Cobb's primary duty was the management of the hot foods section. Although Cobb was responsible for producing a large proportion of the food prepared each day, his basic function was to train new cooks. Plaintiff was required to perform a great deal of cooking because teaching by example was deemed to be the most effective training method. Once the cooks in the individual units were fully trained to prepare the hot foods required by defendant, Cobb's task was complete. He was transferred elsewhere and not replaced. Moreover, the district court determined that defendant's management considered Cobb's job to be managerial; plaintiff had no direct on-the-job supervision; he had a great deal of discretion in setting his work schedule; his salary was comparable to that of defendant's other managerial employees and well above that received by the hourly employees; and that plaintiff exercised his discretion in determining the methods of food preparation, training and supervising the cooks, scheduling employees, and planning menus.

 The district court's determination as to whether an employee is exempt under the Act is primarily a question of fact which must be reviewed under the clearly erroneous standard of Fed.R.Civ.P. 52(a). *Walling v. General Industries*, 330 U.S. 545, 67 S.Ct. 883, 885, 91 L.Ed. 1088 (1947); *Brennan v. Southern Production*, 513 F.2d 740, 744 (6th Cir.1975); *Wainscoat v. Reynolds Electrical & Engineering Co.*, 471 F.2d 1157, 1161–62 (9th Cir.1973). We cannot reverse the district court's decision unless a review of the entire evidence leaves us with "the definite and firm conviction that a mistake has been commit-

ted." *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). In the present case the evidence amply supports the trial judge's conclusion that Cobb qualified for the executive exemption to the Act's overtime compensation requirements.

Our decision on this issue obviates the need to consider the validity of the district court's determination that Cobb also satisfied the requirements for an administrative exemption.

### III

For these reasons, the judgment of the district court is

AFFIRMED.