606 So.2d 687 (1992)
Warren MADISON, Appellant,
v.
WILLIAMS ISLAND COUNTRY CLUB, LTD., and Florida Unemployment Appeals Commission, Appellees.
No. 91-2972.
District Court of Appeal of Florida, Third District.
September 29, 1992.
Rehearing Denied November 10, 1992.
Legal Services of Greater Miami, Inc., and Thomas Eugene Zamorano, Miami, for appellant.
William T. Moore, Ormond Beach, for appellee Unemployment Appeals Commission.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Warren Madison (Madison), challenges the Unemployment Appeals Commission decision affirming the denial of unemployment benefits. We reverse.
Madison, a man who could neither read nor write, worked for the Williams Island Country Club from 1983, until May 1991, when he was discharged for refusing to work overtime without overtime pay. The appeals referee found that on many occasions Madison, a salaried employee, had been asked and had worked overtime without pay.
Before the day in question, Madison's supervisor informed all employees that they would have to work late that day. However, as the record reflects, Madison was the only employee actually asked to work overtime.
When given the position of irrigation technician in 1988, Madison was told that his work would be limited to irrigation work. On this day, Madison was asked to work overtime mowing the lawn.
Madison noticed that the hourly mowing employees were not asked to work overtime that day. Madison then indicated that he too would not work late and left at the end of his regular shift. This was the first time in his employment with appellee that he had refused to work overtime.
*688 Madison contends that overtime work requires overtime pay and that when an employer refuses to pay required wages, a claimant does not commit misconduct in deciding not to work. Appellee asserts that as a salaried employee, Madison was not entitled to overtime wages, and thus, his refusal to complete an assigned task constituted misconduct.
An employee is disqualified from receiving unemployment benefits if he has been "discharged by his employing unit for misconduct connected with his work." Section 443.101(1)(a), Fla. Stat. (1991).
Section 443.036(26), Florida Statutes (1991), defines "misconduct":
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.
The Fair Labor Standards Act provides that an employee working longer than forty hours a week must be paid overtime, 29 U.S.C. § 207 (a)(1), unless he or she is a "bona fide executive," or meets another exemption. 29 U.S.C. § 213(a)(1). There is no exemption for salaried workers. Further, there is no record evidence that Madison's employment falls within any other exemption.
To invoke the "bona fide executive" exemption, the "employee's primary duty must consist of the management of the enterprise ... or of a customarily recognized department." The employee must "customarily and regularly direct the work of two or more other employees," and possess hiring and firing responsibilities as well as other "discretionary powers." 29 C.F.R. § 541.1(a), (b), (c), (d).
These exemptions are "construed narrowly against the employer" who carries the burden of proof to establish the exemption. Dalheim v. KDFW-TV, 918 F.2d 1220 (5th Cir.1990); Blackmon v. Brookshire Grocery Co., 835 F.2d 1135 (5th Cir.1988); Cobb v. Finest Foods, Inc., 755 F.2d 1148 (5th Cir.1985); Marshall v. Erin Food Services, Inc., 672 F.2d 229 (1st Cir.1982).
The standard of review in this case is whether the conclusion of the appeals referee, finding misconduct, was supported by competent substantial evidence. Lundy's Market, Inc. v. Florida Department of Commerce, Division of Employment Security, 373 So.2d 433 (Fla. 3d DCA 1979).
To determine whether an employee's refusal to do extra or different work constitutes misconduct, a reasonableness standard is applied. Kraft, Inc. v. State, Unemployment Appeals Commission, 478 So.2d 1183 (Fla. 2d DCA 1985).
We accept the appeal's referee's findings of fact. However, we reject his legal conclusion that Madison's actions constituted misconduct. When asked by his supervisor why he would not work overtime, Madison responded, "Slave days are over." We agree.
This case presents a one-time refusal of an employee, non-exempt under the Fair Labor Standards Act, to work overtime without overtime pay. We find that Madison acted reasonably and within the law.
Madison was not a "bona fide executive" and did not meet any other exemption under 29 U.S.C. § 213(a)(1) of the Fair Labor Standards Act. Thus, Madison was entitled to overtime pay for overtime hours.
We recognize that the issue of noncompliance with the Fair Labor Standards Act may not have been expressly raised below by Madison. However, Madison is not able to read or write and was not represented by counsel before the Unemployment Appeals Commission. It is unreasonable to expect an illiterate layman to argue that *689 the Fair Labor Standards Act is a defense to a charge of misconduct.
Furthermore, implicit in the referee's finding that Madison was guilty of misconduct, is that Madison was legally required to work overtime without overtime pay. This is not the law. Therefore, in deciding whether Madison was guilty of misconduct, it is necessary for this court to determine whether Madison was legally required to work overtime.
In Mueller v. Harry Lee Motors, 334 So.2d 67 (Fla. 3d DCA 1976), this Court held that an employee had good cause to terminate his employment for not receiving overtime compensation for overtime worked. Thus, he remained entitled to receipt of unemployment compensation benefits. Accordingly, an employee who was discharged for refusing to work overtime without pay is also entitled to receive unemployment compensation benefits.
Accordingly, we reverse.
BASKIN and GERSTEN, JJ., concur.
COPE, Judge (dissenting).
I respectfully dissent. As there is substantial competent evidence in the record which supports the ruling of the Florida Unemployment Appeals Commission, we are obliged to affirm.
The Appeals Referee found as follows:
The claimant became employed as an irrigation technician by the employer in June 1983. Throughout the course of his employment, the claimant held the positions of superintendent from 1985 until 1988 and again as an irrigation technician from 1988 until the end of his employment. During the last three years of his employment with the employer, the claimant was a salaried employee. On many occasions, the claimant was requested to do overtime work without extra pay. The claimant also complied with the employer's request. On May 10, 1991, the superintendent informed all employees that on May 13, 1991, all employees would have to stay after their scheduled work hours. The claimant's work hours were from 6:30 a.m. until 3:00 p.m. Employees were also told that they would be required to stay after hours on May 14, 1991. On May 14, 1991, the claimant noticed that the superintendent sent the hourly employees home at 3:00 p.m. The claimant was informed that he would have to stay after 3:00 p.m. to finish an assignment. The claimant at such time indicated that he would not stay and left for the day. The claimant was discharged from his employment on the following day May 15, 1991, for leaving on May 14, 1991.
* * * * * *
The record reflects that the claimant was discharged from his employment on May 15, 1991. On May 10, 1991, the claimant was informed that on May 13, 1991 and May 14, 1991, he and the other employees would be required to stay after hours. The claimant was a salaried employee and had in the past stayed when required to complete a job. Thus, the claimant had accepted the fact that he had to work overtime. The claimant's actions of leaving on May 14, 1991, after being instructed to stay, constitute insubordination and a clear disregard of the employer's orders. These actions by the claimant constitute misconduct. Accordingly, it must be held that the claimant's discharge on May 15, 1991, was for misconduct connected with work.
At the hearing, the referee was presented with some conflicting testimony. The claimant's testimony was inconsistent throughout the hearing. For these reasons and given the deportment and demeanor of the witness, testimony of the employer's witnesses has been accepted as more credible.
A. 73-74.
At the hearing Madison testified that he told the assistant supervisor that he was sick and was going to leave without working the overtime. (A. 52). He testified that he had a bad cold. However, he also testified that if there had been a problem with the water system, which was Madison's principal responsibility, he would have stayed even though he had a cold. (A. 54).
*690 Madison's principal complaint was that the hourly employees were being sent home, while as a salaried employee, he was being directed to work overtime doing work he felt the hourly employees should have been ordered to do. It was in that context that the question of Madison's eligibility for overtime pay was discussed.
For the first time on appeal, Madison asserts that (a) his job as irrigation technician was not exempt from the federal Fair Labor Standards Act, 29 U.S.C. § 213(a)(1), and was therefore one for which overtime had to be paid; and (b) Madison refused to work because he was not being paid overtime.
The problem is that neither of those contentions was made below. Madison did not testify that he refused to work on the ground stated by the majority, i.e., that he was entitled to overtime pay and that the employer refused to pay it. Instead, Madison gave other reasons, the main one being a claim of illness which was not believed by the Appeals Referee.
Likewise, there was no challenge made in the evidentiary hearing below to the employer's contention that Madison's position as irrigation technician was exempt from the overtime requirements of the federal Fair Labor Standards Act. The employer testified, without contradiction, that the position occupied by Madison was not entitled to overtime.
Contrary to the majority's assertion, the only evidence in this record is that the position is, in fact, exempt. Because Madison did not controvert the exempt status of the job he occupied, there was no need to delve into the intricacies of the federal Fair Labor Standards Act in order to determine if the employer's classification of the position was correct. Leaving aside the fact that this issue was not tried by the Appeals Referee, the determination whether a position is exempt from the overtime requirements of the federal Fair Labor Standards Act requires an intricate, and fact specific, analysis. See id.; 29 C.F.R. §§ 541.0-541.602; Cobb v. Finest Foods, Inc., 755 F.2d 1148, 1149-50 (5th Cir.1985). We are procedurally barred from entertaining the issue de novo, but even if that were not so, the record developed before the Appeals Referee is totally inadequate to allow the majority to conclude that this position was nonexempt.
At argument we were informed that Madison had filed a claim with the federal authorities under the federal Fair Labor Standards Act. If Madison's contention is correct that his job was not exempt from the overtime requirements of the federal Fair Labor Standards Act, then he is entitled to financial redress under the Act for the uncompensated time which he has worked. 29 U.S.C. § 216. Given that there is another controversy pending between the same parties in another forum involving the overtime issue, it is particularly inappropriate for this court to reach an issue not tried below, as to which this court has a totally inadequate record, which ruling may be given collateral estoppel effect in other proceedings between the same parties.
As the ruling by the appellee Commission is supported by substantial competent evidence, the order should be affirmed. See Kraft, Inc. v. Unemployment Appeals Commission, 478 So.2d 1183 (Fla.2d DCA 1985).