705 So.2d 1031 (1998)
Albertha M. DONNELL, Appellant,
v.
UNIVERSITY COMMUNITY HOSPITAL and Florida Unemployment Appeals Commission, Appellees.
No. 97-00852.
District Court of Appeal of Florida, Second District.
February 6, 1998.
Albertha Donnell, pro se.
James D. Marshall, III, P.A., St. Petersburg, for Appellant.
William T. Moore, Tallahassee, for Appellee.
BLUE, Judge.
Albertha M. Donnell appeals the order affirming the appeals referee's determination to deny her unemployment compensation benefits based on "misconduct." Because Donnell's conduct did not constitute "misconduct" such as to deprive her of unemployment compensation benefits, we reverse.
Donnell was fired from her housekeeping job at University Community Hospital. Prior to being fired, Donnell had been a "good" employee for three years. The incident that precipitated the discharge started with Donnell's failure to follow the hospital's recently changed policy regarding garbage can liners. When Donnell's supervisor confronted her, a loud argument ensued in a hallway. The supervisor directed Donnell to go to his office and she refused, insisting on returning to work. The supervisor then advised Donnell to go to his office or "hit the clock." Donnell "hit the clock" and was discharged from her employment.
The appeals referee determined that Donnell was discharged for misconduct connected with work and was therefore not eligible for unemployment compensation benefits. The Unemployment Appeals Commission affirmed *1032 the referee's determination and Donnell has appealed.
The burden of proving misconduct is on the employer. See Nading v. Sanibel Packing Co., Inc., 658 So.2d 1155 (Fla. 2d DCA 1995). In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant. See Gulf County School Bd. v. Washington, 567 So.2d 420 (Fla.1990); Doyle v. Florida Unemployment Appeals Comm'n, 635 So.2d 1028 (Fla. 2d DCA 1994). A single incident of poor judgment or loss of self-control by a longtime employee does not constitute misconduct under section 443.036(26), Florida Statutes (1993). See Lucas v. Unemployment Appeals Comm'n, 664 So.2d 1043 (Fla. 2d DCA 1995); Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992).
Although Donnell was wrong to violate the garbage can liner policy and then to argue with her supervisor, these actions do not constitute "misconduct" as defined in the statute. Additionally, Donnell ultimately complied with her supervisor's ordershe clocked out. "Although an employee's actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits." Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996). While the hospital had the right to terminate Donnell, her actions were not such as to deprive her of unemployment compensation benefits. Accordingly, we reverse and remand with directions to award Donnell unemployment compensation benefits.
Reversed and remanded.
PATTERSON, A.C.J., and MOORE, CECELIA M., Associate Judge, concur.