765 So.2d 889 (2000)
Jorge JORGE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
No. 99-2731.
District Court of Appeal of Florida, Third District.
August 23, 2000.
*890 Jose F. Fons, Miami, for appellant.
John D. Maher (Tallahassee), for appellee Florida Unemployment Appeals Commission.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
PER CURIAM.
The claimant, Jorge Jorge, appeals from an order of the Unemployment Appeals Commission disqualifying him from receiving unemployment benefits. We reverse.
The claimant worked as a waiter at a restaurant for almost two years. On January 30, 1999, the claimant waited tables for approximately ten hours. He then spent three hours setting up for brunch the next morning. As a waiter, the claimant relied on tips from customers. During the three hours he set up for brunch, the claimant earned no tip money. The claimant then told the manager that he wanted to leave. The manager told the claimant that he had not done anything and should continue to work. The claimant responded with an obscenity and was discharged. This was the first and only incident involving the claimant during his two-year employment at the restaurant.
A claims examiner determined that the claimant was eligible for unemployment compensation. Thereafter, an appeals referee reversed finding that the claimant had been discharged for misconduct connected with work because he used an obscenity and refused to obey the manager's order to continue working. The appeals referee ordered the claimant to repay $3,575 in unemployment benefits he had received. The claimant appeals.
The claimant contends that the appeals referee erred by finding that his actions constituted misconduct connected with work. We agree.
"Misconduct" is defined as "[c]onduct evincing such willful or wanton disregard of an employer's interest ... in deliberate violation or disregard of standards of behavior the employer has the right to expect of his employee." § 443.036(29)(a), Fla. Stat. (1999). The definition of misconduct should be liberally construed in favor of those for whose benefit unemployment compensation exists. § 443.031, Fla. Stat. (1999).
The appeals referee's finding of misconduct was based on the claimant's use of an obscenity and the claimant's refusal to obey the manager's order to continue working after he had already worked over twelve hours. There is no doubt that the claimant's use of foul language warranted his discharge. However, because this was an isolated incident and other employees and restaurant patrons did not hear the claimant's comments, it does not constitute disqualifying misconduct. See Benitez v. Girlfriday, Inc., 609 So.2d 665, 666 (Fla. 3d DCA 1992)(claimant's isolated use of foul language directed at supervisor, without prior incident and outside presence of other employees, did not rise to the level of misconduct); Johnson v. Florida Unemployment Appeals Comm'n, 513 So.2d 1098 (Fla. 3d DCA 1987)(employee not disqualified from benefits for using vulgarity because language was not part of a pattern of behavior and did not occur in presence of others). Compare Stahl v. Florida Unemployment Appeals Comm'n, 502 So.2d 78 (Fla. 3d DCA 1987)(employee's conduct in shouting obscenities at her superior at employer's premises while other employees and customers were present constituted misconduct).
Finally, using a reasonableness standard, we find that under the circumstances, the claimant's refusal to obey the manager's order to continue working did not constitute misconduct. The claimant *891 was employed at the restaurant as a waiter. As a waiter, part of the claimant's earnings were the tips that he received from the patrons at the restaurant. During the three-hour period he was setting up for brunch, he was not receiving any tips from the patrons. As such, the claimant was working at a reduced rate of pay. Moreover, the claimant had already worked for over twelve hours. Therefore, we find that the claimant's refusal to obey the manager's order does not constitute disqualifying misconduct. See Madison v. Williams Island Country Club, Ltd., 606 So.2d 687 (Fla. 3d DCA 1992)(holding that an employee's refusal to work uncompensated overtime was not misconduct because the order was invalid).
Accordingly, we reverse the order of the Florida Unemployment Appeals Commission.