775 So.2d 392 (2000)
William CULLEN, Appellant,
v.
NEIGHBORLY SENIOR SERVICES, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 2D00-605.
District Court of Appeal of Florida, Second District.
December 15, 2000.
J. Robert McCormack of J. Robert McCormack, P.A., Clearwater, for Appellant.
*393 No appearance for Neighborly Senior Service Center.
Judy L. Harrelson of Florida Unemployment Appeals Commission, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
WHATLEY, Judge.
William Cullen appeals the order of the Florida Unemployment Appeals Commission (UAC) upholding the appeals referee's denial of his entitlement to unemployment compensation benefits. We conclude that the actions of Cullen which resulted in his discharge from employment did not rise to the level of misconduct as that term is defined in section 443.036(29), Florida Statutes (1999), and we reverse.
Cullen worked as a driver for Neighborly Senior Services, Inc. from October 1997 until June 1999. The incident that resulted in Cullen's discharge began with Cullen's request to take a personal leave of absence. At the hearing before the appeals referee, Cullen testified that the operations supervisor, Robert Stanley, had denied his request and he met with Stanley on June 10, 1999 to discuss the matter. Cullen admitted that he was upset at the meeting and that he accused Stanley of not being truthful. Cullen denied that he used profanity or yelled at Stanley during the meeting, but he admitted that he raised his voice. Cullen testified that at the end of the meeting he told Stanley that he should do what he had to do, and Cullen then left. Stanley did not ask him to stay, and Cullen's work shift had ended. Cullen was discharged when he arrived at work the next day.
The appeals referee found that Cullen was discharged for misconduct connected with work because he demonstrated insubordination at the meeting with Stanley. In reviewing the record, we conclude that the "appeals referee's decision was not supported by substantial, competent evidence, and therefore, the UAC erred in affirming the referee's decision. See Carey McAnally and Co. v. Woodring, 629 So.2d 301 (Fla. 2d DCA 1993). The referee found that Cullen angrily left Stanley's office during the meeting while Stanley was still speaking to him. There is no competent substantial evidence in the record supporting this finding.
At the hearing before the appeals referee, the employer presented its case solely through its human resources coordinator, Jenny Herman. However, Herman was not present at the meeting in question, and therefore, she could only provide hearsay testimony regarding the meeting. Such testimony is insufficient to support the denial of unemployment compensation benefits. See Donnell v. University Community Hosp., 705 So.2d 1031 (Fla. 2d DCA 1998) (burden of proving misconduct is on the employer); Doyle v. Florida Unemployment Appeals Comm'n, 635 So.2d 1028 (Fla. 2d DCA 1994) (holding that the denial of unemployment benefits cannot be based exclusively on hearsay evidence).
We conclude that Cullen's actions did not constitute misconduct connected with work pursuant to section 443.101, Florida Statutes (1999). "In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant." Donnell, 705 So.2d at 1032. A single incident of loss of self-control or poor judgment does not constitute misconduct. See id.
In Donnell, the appellant was discharged for failing to follow her employer's recently changed policy regarding garbage can liners and engaging in a loud argument with her supervisor in the hospital's hallway. In Donnell, this court held that the appellant's actions did not constitute misconduct pursuant to section 443.101. Id. See Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992) (holding that the appellant's isolated use of offensive language during a private argument with her supervisor was not misconduct connected with work); Johnson v. Florida *394 Unemployment Appeals Comm'n, 513 So.2d 1098 (Fla. 3d DCA 1987) (holding that use of offensive language was not misconduct where it was an isolated incident, was in a private office, and was neither a personal attack on the supervisor nor calculated to undermine his authority).
In the present case, the meeting between Cullen and Stanley occurred in a private office and there were only two other employees present. We conclude that this isolated incident in which Cullen raised his voice at Stanley did not constitute misconduct connected with work. See Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996) ("Although an employee's actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits.").
Accordingly, we reverse the order of the UAC and remand with directions to award Cullen unemployment compensation benefits.
THREADGILL, A.C.J., and BLUE, J., Concur.