802 So.2d 455 (2001)
Mario RODRIGUEZ, Appellant,
v.
SVINGA BROTHERS CORPORATION and Florida Unemployment Appeals Commission, Appellees.
No. 3D01-476.
District Court of Appeal of Florida, Third District.
December 19, 2001.
*456 Legal Services of Greater Miami and Lizel Gonzalez, Miami, for appellant.
John D. Maher (Tallahassee), for appellee Florida Unemployment Appeals Commission.
Isicoff, Ragatz & Koenigsberg and Eric D. Isicoff and Teresa Ragatz, Miami, for appellee Svinga Brothers Corporation.
Before GERSTEN, GODERICH and SORONDO, JJ.
GODERICH, Judge.
The claimant, Mario Rodriguez, appeals from the order of the Unemployment Appeals Commission affirming the appeals referee's denial of unemployment compensation benefits. We reverse.
The claimant was discharged from his position as a truck driver with Svinga Brothers Corporation, a scrap metal recycling company. Thereafter, the claimant applied for unemployment compensation benefits, but benefits were denied. The claimant appealed the denial. Following a hearing where the claimant and the employer's president testified, the appeals referee found that the claimant's job duties included delivering empty scrap metal containers to the employer's customers and picking up full scrap metal containers. The incident resulting in the claimant's discharge began when the claimant's supervisor asked the claimant to deliver twelve empty containers to a customer and to pick up twelve full containers from that same customer. The defendant explained to his supervisor that carrying more than eight full containers on a small flat-bed truck was dangerous and could lead to a traffic accident. Thereafter, the president of the company spoke to the claimant. The claimant explained to the president that he was willing to return with eight full scrap metal containers but that he would not return with twelve full containers because he felt that doing so was dangerous. The employer terminated the claimant's employment immediately.
The appeals referee concluded that the claimant was disqualified from receiving benefits because the claimant was discharged for misconduct connected with work. The Unemployment Appeals Commission affirmed the appeals referee's decision. The claimant's appeal followed.
If the claimant's refusal to perform the assigned task was unreasonable, his conduct constitutes misconduct connected with work, and therefore, the claimant would be disqualified from receiving unemployment compensation benefits. See Jorge v. Florida Unemployment Appeals Comm'n, 765 So.2d 889 (Fla. 3d DCA 2000); Pascarelli v. Unemployment Appeals Comm'n, 664 So.2d 1089 (Fla. 5th DCA 1995). In determining whether the claimant's actions constituted misconduct connected with work pursuant to section 443.101, Florida Statutes (2001), the statute should be liberally construed in favor of the claimant. See Cullen v. Neighborly Senior Servs., Inc., 775 So.2d 392 (Fla. 2d DCA 2000); Pascarelli, 664 So.2d at 1091. Moreover, conduct that warrants termination of employment does not necessarily warrant forfeiture of unemployment compensation benefits. See Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992).
In the instant case, the claimant, who has years of experience transporting scrap metal containers, believed that carrying more than eight full containers on a small flat-bed truck would be dangerous. Under the circumstances, the claimant's refusal to perform the assigned task was not unreasonable, and therefore, did not constitute misconduct connected with work. At worst, the claimant's refusal to perform *457 the assigned task was an isolated exercise of poor judgment, not misconduct. See Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d 846 (Fla. 4th DCA 1995)(holding that poor judgment does not constitute misconduct under section 443.101, Florida Statute); McKinney v. United States Sugar Corp., 492 So.2d 478, 481 (Fla. 4th DCA 1986)(holding that isolated good faith errors in judgment do not constitute misconduct). Therefore, we reverse the order of the Unemployment Appeals Commission affirming the appeals referee's denial of unemployment compensation benefits and order unemployment benefits to be paid.
Reversed.