838 So.2d 1214 (2003)
Leida TABARES, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS etc., et al., Appellees.
No. 3D02-1499.
District Court of Appeal of Florida, Third District.
March 5, 2003.
*1215 Leida Tabares, in proper person.
John D. Maher (Tallahassee), for appellee Florida Unemployment Appeals Commission.
Before JORGENSON, LEVY and GODERICH, JJ.
GODERICH, Judge.
The claimant, Leida Tabares, appeals from an order of the Florida Unemployment Appeals Commission [UAC] upholding the appeals referee's denial of unemployment compensation benefits. We reverse.
The claimant worked as a deli associate at a Winn Dixie Store for approximately five years. As a result of an incident between the claimant, the deli supervisor, and the deli manager, the co-manager of the store called the three employees into his office. During the meeting, the claimant started to raise her voice and told the co-manager that he "was trying to get her." The co-manager asked her to not raise her voice, but the claimant continued to do so. The claimant was then discharged by the co-manager.
The claims examiner found that the claimant was eligible for unemployment benefits. Thereafter, the appeals referee reversed finding that the claimant was discharged for misconduct connected with work because she began to raise her voice and speak loudly with the co-manager and she continued to talk to the co-manager in the same manner after she was told to lower her voice. The UAC affirmed the decision of the appeals referee. This appeal followed.
The claimant contends that her actions do not constitute misconduct connected with work, and that she is, therefore, entitled to unemployment benefits. We agree.
"Misconduct" is defined as "[c]onduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has *1216 the right to expect of his or her employee." § 443.036(29)(a), Fla. Stat. (2001). "In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant." Donnell v. University Community Hosp., 705 So.2d 1031, 1032 (Fla. 2d DCA 1998); see § 443.031, Fla. Stat. (2001); Jorge v. Florida Unemployment Appeals Comm'n, 765 So.2d 889, 890 (Fla. 3d DCA 2000).
This case is factually similar to Cullen v. Neighborly Senior Servs., Inc., 775 So.2d 392, 393 (Fla. 2d DCA 2000), wherein the court stated that "a single incident of loss of self-control or poor judgment does not constitute misconduct." In Cullen, the claimant raised his voice during a meeting between the claimant and his supervisor. The meeting took place in the supervisor's private office in front of two other employees. Moreover, the claimant left the office while the supervisor was still speaking.
In the present case, the claimant raised her voice during a meeting which took place between the claimant, the co-manager, and two other employees, in the co-manager's private office. Therefore, as in Cullen, although the employer was justified in discharging the claimant, we find that the claimant's "single incident of loss of self-control" did not constitute misconduct connected with work. As such, we reverse the denial of unemployment compensation benefits.
Reversed.