899 So.2d 1183 (2005)
Pamela A. LEWIS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and B. Whitmore & Co., Inc., Appellees.
No. 2D04-2662.
District Court of Appeal of Florida, Second District.
April 13, 2005.
*1184 Pamela A. Lewis, pro se.
Louis A. Gutierrez, Senior Attorney, Unemployment Appeals Commission, Tallahassee, for Appellee Unemployment Appeals Commission.
Robert A. LeVine of Newman, LeVine & Metzler, P.A., Tampa, for Appellee B. Whitmore & Co., Inc.
WALLACE, Judge.
Pamela A. Lewis appeals an order of the Unemployment Appeals Commission (UAC) affirming an appeals referee's decision finding that Ms. Lewis was disqualified from receiving unemployment benefits. The referee found that Ms. Lewis was disqualified from receiving benefits because of misconduct connected with work. We reverse.
Ms. Lewis was employed as a copywriter and associate creative director with B. Whitmore & Co., Inc., beginning in August 2002. On November 11, 2002, Ms. Lewis argued with her immediate supervisor. At a staff meeting, Ms. Lewis and her supervisor discussed the quality of some work that Ms. Lewis had previously submitted. During this discussion, Ms. Lewis informed her supervisor that maybe he should find someone to replace her. After the supervisor expressed his concern that Ms. Lewis had already received payment for work not yet performed, Ms. Lewis stated that she would continue to work for the employer but that her work would be presented to another worker to be delivered to the supervisor. Ms. Lewis then *1185 left the meeting. The supervisor discharged Ms. Lewis later that evening.
The appeals referee held that Ms. Lewis's proclamation that all of her work product would be submitted through a third party amounted to insubordination. Ms. Lewis's statement, according to the appeals referee, "showed the behavior of one disinterested in the best interest of the employer." Based on these findings, the appeals referee concluded that Ms. Lewis was discharged because of misconduct connected with work and that she was disqualified from receiving benefits. The UAC affirmed the appeals referee's decision.
An individual is not entitled to unemployment compensation if the individual "has been discharged by his or her employing unit for misconduct connected with his or her work." § 443.101(1)(a), Fla. Stat. (2002). "Misconduct" is defined as including:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
§ 443.036(29). "In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant." Donnell v. Univ. Cmty. Hosp., 705 So.2d 1031, 1032 (Fla. 2d DCA 1998). A single incident of poor judgment or loss of self-control is not misconduct under the statute. Id. "Indeed, misbehavior serious enough to warrant an employee's dismissal is not necessarily serious enough to sustain forfeiture of unemployment compensation benefits." Frazier v. Home Shopping Club LP, 784 So.2d 1190, 1191 (Fla. 2d DCA 2001).
This case is factually similar to Cullen v. Neighborly Senior Services, Inc., 775 So.2d 392 (Fla. 2d DCA 2000), in which this court reversed the denial of an employee's entitlement to benefits after finding that the employee's actions did not constitute misconduct. In Cullen, the claimant raised his voice during a meeting with his supervisor and two other employees. Id. at 393-94. Next, the claimant left his supervisor's office during the meeting while the supervisor was still speaking to him. Id. at 393. Nevertheless, this court concluded that the claimant's behavior was a single incident of loss of self-control and not misconduct which would disqualify the claimant from receiving unemployment benefits. Id.
Under circumstances similar to those in Cullen, the Third District in Tabares v. Florida Unemployment Appeals, 838 So.2d 1214 (Fla. 3d DCA 2003), also reversed a UAC order affirming the denial of benefits. During a meeting with a supervisor, a manager, and a comanager, the claimant in Tabares began to raise her voice and speak loudly with the comanager. After the claimant was asked to lower her voice, she continued to speak with the comanager in the same manner. Id. at 1215. The court concluded that this single incident did not qualify as misconduct. Id. at 1216.
Other isolated instances of argumentative behavior have likewise been found to not constitute misconduct. See Donnell, 705 So.2d at 1031 (reversing denial of benefits based on misconduct where claimant engaged in loud argument in hallway with supervisor); Cooks v. Unemployment Appeals *1186 Comm'n, 670 So.2d 178 (Fla. 4th DCA 1996) (concluding that claimant's challenge to his supervisor to fire him during heated exchange was a result of poor judgment rather than misconduct); Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992) (finding that claimant who directed vulgar and profane epithets to her manager during an argument with him conducted over the telephone did not commit misconduct).
The UAC relies on Hines v. Department of Labor & Employment Security, 455 So.2d 1104 (Fla. 3d DCA 1984), for affirmance. In Hines, the claimant engaged in an argument with the company's vice president. During this exchange, the claimant challenged the vice president to fire him. Id. at 1105. The vice president warned the claimant not to make such a challenge again. Later the same day, the claimant quarreled with his supervisor. Id. at 1106. During this altercation, the claimant stated that he "didn't give a damn" if the supervisor fired him and that the supervisor should fire him. Id. The supervisor obliged. Id.
The court determined that the claimant's challenge to the supervisor, despite a prior warning not to make such a challenge, was sufficient to support the appeals referee's decision denying benefits. Id. at 1107. However, the court noted,
While, perhaps Hines' conduct would not have constituted misconduct under the statute if it was a first occurrence, the fact that he had been previously warned against conducting himself in such a manner and he disregarded that warning amounts to misconduct under the facts of the present case.
Id.
Unlike the claimant in Hines, Ms. Lewis was discharged after her initial challenge to her supervisor. There is no evidence in the record that Ms. Lewis had previously conducted inappropriate arguments with others at the company or that she had previously been warned that such behavior would not be tolerated. Although the company may have been justified in discharging Ms. Lewis on account of her behavior, her single lapse in judgment did not qualify as misconduct connected with work. Accordingly, we reverse the denial of unemployment compensation benefits.
Reversed.
STRINGER and DAVIS, JJ., Concur.