SUAREZ, J.
The claimant, Alexander Garcia (“Garcia”), appeals the Unemployment Appeals Commission decision affirming the appeals referee’s determination that the claimant *314 is not entitled to state unemployment compensation benefits because he voluntarily left his employment without good cause attributable to his employer. We reverse upon the holding that Garcia’s conduct did not disqualify him from receiving unemployment benefits and that he did not voluntarily leave his employment without good cause attributable to his employer.
Garcia testified at the hearing before the claims referee that he worked for Wolf in the Woods as a cabinet maker from approximately March 2007, until March 2008. On the day in question, he was explaining, in Spanish, how to put a cabinet together to a new employee when the manager came over and told him to speak English. Garcia responded that he was explaining the job to the new employee. The manager responded that, “If you want to speak Spanish you have to go back to Cuba.” Garcia testified that the manager told him that he did not want to see him anymore at the company. Garcia left work and did not return. The owner, Mr. Wolf, testified that the shop manager told him that he had a fight with Garcia, they were arguing and Garcia left. Wolf was told by the shop manager that the manager told Garcia that if he did not want to work that day, he should go home. The next day, when Wolf asked Garcia if he were coming back to work, Garcia told him he would return only if the manager were let go.
The claims referee found that the claimant voluntarily left work without good cause attributable to the employer and disqualified Garcia from receiving unemployment compensation benefits.
The question of whether the claimant left work voluntarily is one of fact and within the province of the appeals referee. See Porter v. Fla. Unemployment Appeals Comm’n, 1 So.3d 1101 (Fla. 1st DCA 2009), review granted, 20 So.3d 848 (Fla.2009), and cases cited. An appellate court must reverse the Commission’s decision to affirm the referee’s findings where competent substantial evidence does not support the findings. Porter, 1 So.3d at 1103. “After a claimant proves that her employment has ended and that she has not worked for at least a week, the burden shifts to the employer to prove either a voluntary quit, see Gulf Co. Sch. Bd. v. Washington, 567 So.2d 420 (Fla.1990), or a discharge attributable to the employee’s misconduct connected to work. See Lewis v. Lakeland Health Care Ctr., Inc., 685 So.2d 876, 878 (Fla. 2d DCA 1996).” Gilbert v. Dep’t of Corrections, 696 So.2d 416, 417-18 (Fla. 1st DCA 1997). Garcia testified that he was sent home and that he did not return to work. It was the burden of the employer to prove that he voluntarily quit or that he was discharged attributable to misconduct connected with work. The hearing before the appeals referee was devoid of any evidence showing that Garcia did anything offensive other than speak Spanish on the job. Under these facts, the employer failed to prove that the argument Garcia had with the shop manager constituted misconduct connected with work. See Lewis v. Unemployment Appeals Comm’n, 899 So.2d 1183 (Fla. 2d DCA 2005) (holding that single lapse in judgment did not qualify as misconduct connected with work); McCarty v. Fla. Unemployment Appeals Comm’n, 878 So.2d 432 (Fla. 1st DCA 2004) (holding that claimant’s actions did not amount to misconduct disqualifying her from receiving unemployment benefits where there was no evidence that claimant deliberately or intentionally acted against her employer’s interests); Donnell v. University Comty. Hosp., 705 So.2d 1031 (Fla. 2d DCA 1998) (holding that failure to follow employer’s policy followed by argument with supervisor did not constitute miscon *315 duct disqualifying claimant from unemployment benefits where claimant had been good employee); see also Tobares v. Fla. Unemployment Appeals, 838 So.2d 1214 (Fla. 3d DCA 2003); Lucas v. Unemployment Appeals Comm’n, 664 So.2d 1043 (Fla. 2d DCA 1995).
The testimony from the owner at the hearing before the appeals referee was that the manager told him that he and Garcia had an argument and that Garcia left the job. When asked by the owner the following day if Garcia were coming back to work, Garcia replied he would return if the manager were fired. “Because it is based upon hearsay which is directly contrary to the only direct testimony on point, (that Garcia was told to leave the company and not to return) the factual conclusion that the appellant voluntarily left his employment and was therefore ineligible for unemployment compensation benefits cannot stand.” Velilla v. Williams Island, 705 So.2d 1044, 1045 (Fla. 3d DCA 1998). The record is devoid of evidence to show that Garcia voluntarily left the job, as the unrebutted non-hearsay testimony established that he was told to leave and not to come back. The employer failed to meet its burden of demonstrating that the claimant voluntarily left employment.
No substantial competent evidence exists to support the findings of the appeals referee. On the record before us, the referee was bound to find that Garcia had been involuntarily discharged and was therefore entitled to the benefits claimed. See Gulf Co. Sch. Bd. v. Washington, 567 So.2d at 420.
Reversed.