SUAREZ, J.
 

 Delvi, Inc. (“Delvi”), appeals an order of the Florida Unemployment Appeals Commission (“Commission”) affirming the referee’s finding that Mario Pantaleon (“Pan-taleon”) was entitled to unemployment compensation benefits. We affirm the Commission’s decision that Pantaleon’s conduct did not disqualify him from receiving unemployment benefits.
 

 The claimant worked for Delvi since November 2, 2006, as a warehouse worker. On October 21, 2010, when Pantaleon’s immediate supervisor asked him to move a pallet, he told his supervisor he would move the pallet after he finished his lunch, and raised his middle finger at the supervisor, as he contends, in jest. He was discharged from employment on October 21, 2010, for showing disrespect to his supervisor and not performing his job to his employer’s expectations. The appeals referee concluded the claimant was qualified for benefits because he was discharged from his employment for alleged misconduct that was not proven by substantial, competent evidence. The employer appealed the referee’s decision to the Commission. The Commission affirmed the referee’s decision holding the claimant qualified to receive benefits. Delvi now appeals the final order of the Commission.
 

 The issue on appeal is whether there was substantial, competent evidence, consistent with the findings of the Commission, that Pantaleon’s conduct did not
 
 *977
 
 disqualify him from receiving unemployment benefits from his employer.
 
 See
 
 § 120.68(7)(b), Fla. Stat. (2010);
 
 Aiello v. R.C. Props., Inc.,
 
 654 So.2d 287 (Fla. 3d DCA 1995). A single incident of insubordination does not amount to misconduct.
 
 See, e.g., Montalbano v. Unemployment Appeals Comm’n,
 
 873 So.2d 417 (Fla. 4th DCA 2004) (holding that employee who had argument with her supervisor over a work order and was fired for insubordination when she began to yell, did not involve misconduct);
 
 Tabares v. Fla. Unemployment Appeals,
 
 838 So.2d 1214 (Fla. 3d DCA 2003) (holding that employee’s raising her voice during meeting with supervisor did not constitute misconduct connected with work);
 
 Donnell v. Univ. Cmty. Hosp.,
 
 705 So.2d 1031 (Fla. 2d DCA 1998) (holding that housekeeping department employee discharged for violating hospital rule and having argument with supervisor amounted to poor judgment and did not constitute misconduct). As found by the Commission, “[t]he claimant’s actions may have displayed poor judgment, raising his middle finger at his supervisor, but does not amount to misconduct connected with his work.” There is substantial, competent evidence to support the referee’s finding that Pantaleon was not discharged for employee misconduct. We therefore affirm the Commission’s decision that Panta-leon’s conduct did not disqualify him from receiving unemployment benefits.
 

 Affirmed.