Corrected Opinion[1]
EMAS, J.
Vernall Hammett (“Hammett”) appeals a final order of the Florida Reemployment Assistance Appeals Commission (“Appeals Commission”),[2] affirming a decision of an Appeals Commission referee which disqualified Hammett from receiving unemployment compensation on the basis that his employer, the Salvation Army, was owned and operated primarily for religious purposes and was operated, supervised, controlled, or principally supported by a church.[3]
Hammett worked as a sorter and then as a general manager at a thrift store operated by the Salvation Army. Hammett lost his job in 2009 and filed an unemployment claim in the middle of 2010. Shortly thereafter he received a Determination Notice from the Agency for Workforce Innovation[4] notifying him that “the wages earned with the [Salvation Army] are not eligible for unemployment compensation tax. The employer’s primary function is a church or religious institution and these wages are not subject to unemployment taxation as stated by Florida law.”[5]
Hammett appealed this decision and a hearing was held before the Appeals Commission referee. Hammett was the only witness to testify at the hearing. No representative of the Salvation Army was present at or participated in the hearing. The referee asked Hammett a series of questions regarding the Salvation Army’s religious affiliation and purposes. The referee ultimately denied benefits, concluding that the Salvation Army “is operated primarily for religious purposes” and “is operated by a religious institution.” The Appeals Commission affirmed the decision, and Hammett timely appealed.
Having reviewed the meager record, including Hammett’s testimony, it is clear that there is no competent substantial evidence to support the referee’s determination and the Appeals Commission’s final order affirming same.[6] With regard to findings of fact, “[a]n appellate court must reverse the Commission’s decision to affirm the referee’s findings where compe *308 tent substantial evidence does not support the findings.” Garcia v. Wolf in the Woods, Inc., 37 So.3d 313 (Fla. 3d DCA 2010).
We reverse the Appeals Commission’s order and remand for an award of unemployment compensation benefits to Hammett.[7]

. The opinion is corrected solely to note that Brad Sohn, a student at the University of Miami School of Law, and in conjunction with the Rosemary Barkett Appellate American Inn of Court, assisted Appellant’s counsel in the preparation of the briefs.

. The Florida Unemployment Appeals Commission has been renamed and, effective July 1, 2012, is now known as the Florida Reemployment Assistance Appeals Commission. See Ch. 2012-30, § 2, Laws of Fla.

. Section 443.1216(4)(a), Florida Statutes (2010), provides in relevant part:
[T]he employment subject to this chapter does not apply to service performed:
(a) In the employ of:
1. A church or a convention or association of churches.
2. An organization that is operated primarily for religious purposes and that is operated, supervised, controlled, or principally supported by a church or a convention or association of churches.

. Effective July 1, 2011,, this agency became known as the Department of Economic Opportunity. See § 443.012, Fla. Stat. (2011).

. There is nothing in the record before us to indicate ,the basis upon which this determination was made.

. The only record evidence to support the conclusion that the Salvation Army is operated primarily for religious purposes or is operated by a religious institution came from the tentative-at-best testimony of Hammett:
REFEREE: And can you tell me was the Salvation Army primarily a religious institution?
*308 HAMMETT: In a way yes it is.
REFEREE: ... Is it funded and operated by a religious organization?
HAMMETT: Yes.
REFEREE: Do you know what religious organization that is?
HAMMETT: I think it is — that would be church—
REFEREE: That's okay if you don't know sir. I am just asking in general. If you happen to know the—
HAMMETT: No, I don't really know what religious group that is.
REFEREE: Does all the profit made from the Salvation Army services go toward that religious organization?
HAMMETT: No, not really all the profits.
REFEREE: Okay, where do the profits from the Salvation Army go, do you know?
HAMMETT: Well it helps feed the men in the center and then they send some of the proceeds back to Atlanta, Georgia.
REFEREE: And what is in Atlanta, Georgia?
HAMMETT: It is headquarters group.
REFEREE: For the Salvation Army?
HAMMETT: Yes.
REFEREE: ... And can you tell me sir the store location where you worked, was this located on premises owned by the church or any sort of religious institution?
HAMMETT: Yes it was located on their— the store was — it’s [an] adult rehabilitation center and that helps feed the ... homeless and job related, you know, applicants.

. In his brief, Hammett argued the referee improperly placed the burden upon him to prove that the Salvation Army was not operated primarily for religious purposes. The Appeals Commission responded by asserting that such a burden is properly placed upon the claimant, citing His Kids Daycare v. Florida Unemployment Appeals Commission, 904 So.2d 477 (Fla. 1st DCA 2005). We need not address whether we agree with His Kids, because the record does not reflect that the referee placed such a burden upon Hammett. The record instead reflects that the referee based his finding upon the testimony elicited during the hearing.